Gardiner vs. State of Missouri.

---

GEORGE GARDINER vs. STATE OF MISSOURI.

It is the duty of the circuit court, when asked, to instruct the jury that if upon the whole case they have a reasonable doubt of the guilt of the prisoner of the offence charged against him, they should acquit him, yet a refusal to give this instruction is not sufficient cause to reverse the judgment when the instructions given presented the whole case fairly before the jury.

APPEAL from St. Louis Criminal Court.

WRIGHT, for plaintiff in error.

The defendant, at the close of the evidence, asked the court to give the following instructions:

7

Gardiner vs. State of Missouri.

1st. That before the jury can find the defendant guilty they must find: 1st, that the pistol was loaded with gun powder and ball, or with something calculated to produce death by shooting. 2nd, that the said pistol, so loaded, was capable of being discharged at the time. 3rd, that it was the intention of the defendant at the time, to kill Gabriel.

2nd. If the jury shall believe from the evidence in the cause that the defendant did assault Gabriel, as charged in the indictment, but at a time when the said Gabriel was about to inflict on him, the defendant, a blow with a stick capable of producing death or great bodily harm, and that there was great danger of that design being accomplished, they ought to acquit him.

3rd. If upon the whole case, you have a reasonable doubt of the guilt of defendant you ought to acquit him.

The court refused all these instructions, and defendant by his counsel, excepted to the opinion and decision of the court in refusing the same.

The court then gave the jury the following instructions:

1st. If the jury believe from the evidence that McClain first commenced the assault and battery upon the defendant, and that the defendant was not upon an equality with said McClain, and that the defendant drew the pistol for the purpose only of defending himself against the battery inflicted upon him by said McClain, and without any intent to take the life of said McClain, or to commit a felony—then in that case you ought to acquit.

2nd. If you find the defendant guilty, you will assess the punishment by imprisonment in the penitentiary for a term not less than two nor more than five years; or by imprisonment in the county jail not less than six months, or by fine not less than one hundred dollars, and imprisonment in the county jail not less than three months.

3rd. If the defendant drew a pistol within shooting distance, with the intent to shoot McClain, this is an assult in the law, and it was lawful for McClain to strike defendant with a stick if he had a reasonable cause to apprehend a design on the part of the defendant to shoot him or do him some great personal injury, and there was immediate danger of such design being accomplished.

4th. It was lawful for McClain to accost defendant and ask him why he abused his wife and daughter, and if the defendant thereupon drew his pistol, within shooting distance, with the intent to shoot McClain for that reason, then defendant was guilty of an unjustifiable assault.

To the giving of the said instructions, the defendant excepted. Exception was also duly taken to the decision of the court in overruling the motion for a new trial.

LACKLAND attorney, for the State.

The court gave the law of the case as contained in the statute defining the offence. The intent to kill was proved by the defendant's confession as well as by the manner of the assault, and the weapon used.

In the first instruction given, the court gave the defendant the benefit of the law relating to self-defence, as far as applicable to this case. The defendant therefore, has no right to complain.

It was not incumbent on the State to prove that the pistol was loaded. The statutory offence can be complete without the pistol being loaded. If he wilfully assaulted McClain with the intent to kill him, the offence is complete, and does not depend upon a proper adaption of means to ends. U. S., Wilson & Porter, 1 Baldwin Rep., 115.

RYLAND, J., delivered the opinion of the court.

The defendant was indicted for an assault with intent to kill one Ga-

briel McClain—he was found guilty, and the jury assessed his punishment to imprisonment in the county jail for six months.

The defendant moved for a new trial, which was overruled—excepted to and the defendant brings the case to this court.

From the testimony as appears from the record, and from the instructions given by the court to the jury, as well as those refused, there seems to us no sufficient ground for an interference with the judgment below.

The defendant contended that the prosecutor, McClain, made the assault on him first, and that he acted in self-defence. The testimony of McClain shows, that the defendant drew his pistol and snapped it at McClain, upon McClain asking the defendant why he had abused his (McClain's) wife and daughter—swearing at the same time "that he would blow him through."

The defendant asked several instructions, which the court refused to give. The court, however, gave the following instruction, which put the case properly before the jury.

"If the jury believe from the evidence that McClain first commenced the assault and battery against the defendant, and that the defendant was not upon an equality with said McClain, and that the defendant drew the pistol for the purpose of defending himself against the battery inflicted upon him by said McClain, and without any intent to the life of said McClain, or to commit a felony—then, in that case they ought to acquit."

This instruction was sufficient to bring the facts before the jury, and if the court had told them that they must acquit if there was a reasonable doubt of the guilt of the defendant, there would have been not the slightest ground of complaint.

We think the criminal court should give such instructions as are necessary to aid the jury in coming to a proper conclusion upon the law and facts of the case.

And, surely, there could have been nothing illegal in giving the instruction about the reasonable doubt.

However, such is so generally understood to be the law in criminal cases.

That an omission even thus to tell the jury, might have no injurious effect upon their deliberations.

Let the judgment below stand affirmed.