JOHN D. C., APPELLANT, vs. THE STATE OF FLORIDA, EX REL. JULIA V. H., APPELLEE.

1. This court has jurisdiction to hear and determine an appeal from a judgment rendered by a Circuit Court in an action brought under the statute in relation to the maintenance of bastard children.

2. The court will not reverse the finding of a jury upon a question of fact, unless the verdict is so clearly and manifestly against the weight of

evidence as to suggest the presumption that it was produced by influences other than a proper consideration of the testimony.

3. The court, in the exercise of a sound discretion, has a right to excuse a juror, although he may be found competent to serve; and such an exercise of discretion is no error, although objected to by the parties to the action.

4. An exception to a portion of the charge of the court to the jury, to be available as error on review, must be to a separate, particular and specific portion of such charge. The language used by the court should be designated; a general exception fails if any part of such charge is correct.

5. The form of the judgment ordered by the court in such cases should be in strict compliance with the directions of the statute.

6. In an action of bastardy the mother has an interest in the result which may be taken into consideration by the jury in considering her credibility as a witness, and the court should have so instructed the jury when requested so to do by the defendant's counsel.

Appeal from the Circuit Court for Orange county.

There is a sufficient statement of facts in the opinion of the court.

*T. Emmett Wilson* and *Bolling Baker* for Appellant.

*John W. Price* for Appellee.

Mr. Justice Van Valkenburgh delivered the opinion of the court.

This was an action under the statutes relating to bastardy, commenced by affidavit and complaint of Julia against John before a justice of the peace, and was tried at the Orange county Circuit Court in 7th Judicial District before a jury at the May term, 1877.

Upon calling the jury to try the case, one I. W. B. was put upon his *voir dire* and held to be a legal juror, but a witness was then introduced by the plaintiff to show his incompetency, and was " thereupon excused by the court by virtue of the power claimed to be invested in the court in

its discretion to relieve the said juror from embarrassment, while the court admitted that the juror might be a legal juror in the case." To this ruling the defendant's counsel excepted.

Evidence was then introduced upon the part both of complainant and defendant, and the jury found that John, this appellant, was the real father of the child of which Julia had then been delivered.

Pending the trial, the counsel for the defendant asked the court to charge the jury—

First. That the burden of proof is on the plaintiff.

Second. The fact that the defendant is the father of the child must be established by a fair preponderance of evidence.

Third. If the weight of the evidence is not with the plaintiff, the verdict must be for the defendant.

Fourth. That it is the duty of the jury under their oaths to give to the whole testimony their most serious consideration, but it is their right to reject all such portions of it as they may believe to be untrue. It is their peculiar province to judge of the credibility of witnesses.

Fifth. In a prosecution for bastardy, the mother of an illegitimate child has an interest in the result, which, if she is called as a witness, may be considered by the jury in weighing her testimony.

The judge refused to so charge the jury and the defendant's counsel excepted.

The court then charged the jury as follows:

" This is a case brought under the statute by Julia against John. The plaintiff charges the defendant with being the father of an illegitimate child, which she gave birth to. The law permits a single woman pregnant or delivered of a child, who by law would be deemed and held a bastard, to take certain steps prescribed by law to establish the paternity of said child. The law gives full jurisdiction

to this court, through the intervention of a jury, to try the issue, whether the reputed father is the real father of the child or not. The law requires the complainant to be a single woman—this is a matter of proof. The statute of bastardy is that it must be the child of a single woman, unmarried at the time of conception, and being and remaining unmarried, not only at the time of parturition, but when the case is tried before a court of competent jurisdiction to establish the fact of the bastardy of her child. In the progress of that examination, which brings you to decide what is your opinion in the truth in relation to the issue in this case, whether the defendant under his plea of 'not guilty' is guilty or not, you are in this, as in all other cases, the judges of the testimony, yet technically the plea of not guilty carries with it no weight, unless the party supports it by evidence before the jury, either in person or by testimony of others.

"To which said opinion and charge of the court the said defendant, by his attorney, did then and there except."

"Appeals to your sympathy are alike foreign to your strict legal duty as jurors to find according to the testimony. A large mass of scientific testimony has been offered for your consideration. It is not within the functions of the court to analyze this testimony, but you are to judge of the application and force, by your own comprehension, of its practical and legal effect."

"To which said opinion and charge of the court the said defendant, by his said attorney, did then and there except."

"The other part of the testimony, from the complaint to plea of not guilty, each sworn to by the respective parties, with the accompanying testimony, you must weigh in accordance with its intrinsic merit as well as its application in this case with the attendant circumstances, to which said opinion, and charge of the court, the said defendant by his attorney did then and there except."

The defendant moved for a new trial, which motion was denied by the court, and judgment was ordered under the statute against the defendant.

The judgment entered by the court (after the formal recitals) read as follows:

" It is ordered, adjudged and decreed that the State of Florida do recover of and from the said John five hundred dollars for the use and benefit of the said Emma, to be paid in or by instalments of fifty dollars annually, or yearly, to the guardian of the said Emma to be hereafter appointed by the County Judge of Orange county, to be used for and towards the support and maintainance and education of said child Emma.

" And it is further ordered, adjudged and decreed that the said Julia do have and recover of and from the said John ten dollars for the necessary incidental expenses attending the birth of said child, paid and expended by the said Julia.

" It is further ordered, adjudged and decreed that the said John make, execute and deliver to the Clerk of the Circuit Court a good and sufficient bond, with good and sufficient sureties, in the name of and to the State of Florida, conditioned to be paid to and for the use and benefit of said Emma; and that he will pay or cause to be paid to said guardian fifty dollars per annum for and during the space of ten years.

" It is further ordered, adjudged and decreed that the said John pay all the cost of this suit, taxed at twenty-three dollars and twenty cents; and that said guardian aforesaid have execution for the amount due on said bond against said John and his sureties at any time he may fail to pay said instalments as above adjudged against him, and the defendant in mercy," &c.

From this judgment the defendant brings his appeal and assigns the following errors:

1. The court erred in refusing to charge the jury as re-

quested by the defendant's attorneys in the five propositions before recited.

2. The court erred in instructing the jury that technically the plea of not guilty carries with it no weight unless the party supports it before the jury, either in person or by testimony of others.

3. The court erred in refusing to grant a new trial, because the verdict was against the evidence, and because the verdict was against the weight of evidence.

4. The court erred in discharging the juror, Brooks, while admitting him after his examination on his *voir dire* to be competent.

5. The judgment rendered in the case by the court is erroneous and void for want of conformity to the statute.

The counsel for the appellee on the argument moved the court to dismiss this appeal, upon the ground that the court had no jurisdiction.

The Constitution, (Article VI., Sec. 5,) providing in what cases jurisdiction is conferred, is in these words: " The Supreme Court shall have appellate jurisdiction in all cases at law, and in equity, commenced in Circuit Courts, and of appeal from the Circuit Court in cases arising in the county court as a court of probate, and in the management of the estates of infants, and in all criminal cases commenced in the Circuit Court."

An action under the statute authorizing proceedings in bastardy is a *quasi* criminal action, and provides that upon a proper complaint a justice of the peace shall issue a process to a sheriff or constable, upon which the accused shall be brought before said justice; that the justice shall examine the female upon oath, in presence of the accused, touching such charge, and if, in his opinion, sufficient cause appears, shall bind the person so accused, in bond, with good security, to appear before the next Circuit Court for such county. Such court then has complete cognizance and jurisdiction of

such charge of bastardy, and causes an issue to be made up and tried by a jury. Thomp. Dig., 228.

The justice of the peace under this statute has no jurisdiction to hear and try the cause; his duties are merely those of an examining magistrate in a criminal action, issuing process upon which the accused is arrested, and taking the examination of the complainant. If, in his opinion, sufficient cause appears, he takes a bond for the appearance of the accused at the next term of the court having jurisdiction to hear and try the cause.

The issue is made up according to the rules and practice of the Circuit Court, and the trial is had by jury in the same manner and after the same form as provided for trials for other causes in that court. The judgment is the judgment of the Circuit Court, entered upon its minutes. The bond is in the custody of the court, and the money thereon is to be appropriated by the order of the court.

The statute, under which the accused is arrested, is a form provided by law for the purpose of getting into the Circuit Court, and to provide by law against the disappearance of the accused before the term of the court at which he may be tried. The affidavit of the complainant taken by such justice of the peace is filed in the Circuit Court, and becomes the complaint which the defendant is expected to answer.

We cannot see the want of jurisdiction suggested by the counsel for the appellee, and the motion to dismiss must be denied.

The jury in this case has passed upon the evidence introduced upon the trial and found the defendant the real father of the child of which the complainant was delivered. The examination and consideration of the facts proved is the especial duty of the jury. They determine from the evidence what is the truth, and have before them the witnesses as they are examined by the respective parties. Courts will

never interfere to reverse the finding of such a jury upon mere questions of fact, unless the verdict should be so clearly and manifestly against the weight of such evidence as to suggest the presumption that it was produced by influences other than a proper consideration of the testimony. The counsel for the defendant objected to the action of the court in excusing J. W. Brooks as a juror. He was called and examined upon his *voir dire*, and held to be competent, but upon the examination of a witness he was excused by the court to " relieve him from embarrassment." It does not appear from the record what that embarrassment was, or precisely upon what grounds he was so excused. It does appear, however, that the defendant was tried by a legal jury, to which he made no objection, and against whom he brings no charges. There can be no doubt of the discretionary power of a court to excuse a juror who, for reasons personal to himself, should be excused. If the defendant has a trial before a fair and impartial jury, it is all he can claim under the law. Brooks had not been sworn as a juror to hear and try the cause, but upon his *voir dire* to determine his competency.

In United States vs. Cornell, (2 Mason, 91,) Judge Story says: " Even if the juror has been set aside by the court for an unsufficient cause, I do not know that it is matter of error, if the trial has been by a jury duly sworn and impannelled, and above all exceptions. Neither the prisoner nor the government can have suffered any injury."

In State vs. Marshall, (8 Alabama, 302,) the court, speaking of the discretionary power to set aside any one summoned as a juror, uses this language : " We are not aware that this discretionary power has ever been doubted, nor are we able to perceive how justice could properly be administered without it. * * * Of all the discretionary powers of this court this would seem to be the least liable to abuse, as it is altogether conservative. Its exercise is

confined to the exclusion of improper or unfit persons as jurors, and how this could prejudice the accused it is difficult to conceive. If in its exercise the court should reject a person qualified to sit as a juror, how does that prejudice the accused? If a juror disqualified by law is put upon the prisoner, the case would be different, but if he is tried by an impartial jury he has sustained no injury." Tatum vs. Young, 1 Porter, 298; State vs. Ostrander, 18 Iowa, 435.

Unless there is a departure from the exercise of a sound discretion by the court in the matter of excusing jurors, this court cannot consider it error.

The counsel for defendant excepted generally to the charge of the court to the jury without definitely pointing out the language or the particular portion to which such exception is taken. The very language used by the court in its charge so excepted to should be designated to enable the appellate court to review it. A general exception applies to the whole charge, and if there be any part of the charge which is correct the exception fails. The counsel, it appears from the record, took these separate exceptions in the course of such charge, each one of which is general in its nature, and applies to all that has preceded it. Such an exception to be available on review must be to a separate, particular and specific portion of the charge.

The last assignment of error is directed to the form of the judgment entered in the case. The judgment may be defective in form and subject to correction. The bond is properly directed to be given to "the State of Florida." It should be approved by the court, made payable to the court, and the money laid out and appropriated under the special order of the court, from time to time made. The necessary incidental expenses attending the birth of the child should be included in the bond, and when collected turned over to the mother or other person designated by an order of the court. The directions of the statute in relation to the bond,

and the subsequent payment of the money collected thereon, should be closely followed, and the judgment of the court should be in strict compliance therewith. Subsequently, if a guardian is appointed by the judge of probate and qualified as provided by the statute, the court shall, as the money may be collected upon the bond, by order, from time to time, pay the same over to such guardian.

The bond has the same force and effect as a judgment of the court, upon which execution may issue as often as money becomes due thereon. Such execution must be issued upon the bond and in the names of the parties mentioned in such instrument.

The court has the entire control of the bond and the money collected, and must dispense it as directed by the statute, by its orders from time to time made.

The only other questions which arise are upon the instructions asked by defendant's counsel to be given to the jury, and which the court refused. It is true that the burden of proof was with the plaintiff, and also that the fact that defendant was father of the child must be established by the weight of evidence. To determine these very questions the jury were summoned and sworn. If of ordinary intelligence, as they undoubtedly were, they knew and appreciated their duties and responsibilities, and before rendering their verdict under their solemn oaths considered the whole testimony, and determined as to the credit to be given to the evidence. The instructions of the court to the jury, so far as these points were concerned, is fair and presents the case properly. It is not necessary for a court to charge the jury particularly upon every minor point. If the charge is fair and presents the case in an impartial manner, it is sufficient. 14 Mo., 97.

The court was, among the other points, asked to charge. "that in a prosecution for bastardy, the mother of an illegitimate child has an interest in the result, which, if she is

called as a witness, may be considered by the jury in weighing the testimony."

The statute under which these proceedings were instituted provides that "if, upon the trial of the issue aforesaid, it should be found by the jury against the woman, or that such bastard is not the child of the reputed father, then the judgment of the court shall be that the defendant or reputed father be discharged, and that the woman making the complaint shall pay all costs occasioned thereby."

If the putative father had been acquitted upon the trial, the mother would not only have been bound to maintain and educate the child, but under this statute a judgment would have been entered against her for the costs of the proceeding. Here is an interest which affects the credit of the complainant, and as her credibility was a material question for the jury, the instruction asked for in this particular should have been given.

It was error in the court not so to instruct the jury, and for this reason the judgment must be reversed. Keating vs. State, 44 Ind., 449.