THE STATE v. GRIFFIN.

1. **Larceny:** PROPERTY FOUND ON DEFENDANT'S PREMISES: IDENTITY:
PRESUMPTION: INSTRUCTION.    Where there was evidence that certain
money found secreted in defendant's place of business, of which, how-
ever, there were other inmates, was a portion of the stolen property,
and defendant admitted that he had placed the money where it was
found, but claimed that it was his own money, *held* that the court prop-
erly submitted the question of identity to the jury, and therewith prop-
erly instructed them that, if the defendant had the stolen property, or
some part of it, in his possession soon after the larceny, and such pos-
session was not explained, it was presumptive evidence of his guilt.

2. **Jury:** RIGHT TO MINUTES OF EVIDENCE: DUTY OF BAILIFF.    A bail-
iff in charge of a jury has no authority, when requested by the jury, to
bring in the minutes of the testimony, in order that they may use them
in settling a disputed point in the evidence.

3. ———: SICK JUROR: TEMPORARY ABSENCE WITH BAILIFF.    During the
deliberation of the jury, one of the jurors was taken sick, and was per-

mitted to separate himself from the others for a time, and to take a walk in the open air with an officer, but was not permitted to communicate with any person about the case. *Held* irregular, but not prejudical, and no ground for reversal.

4. ——: JUROR DISCLAIMING VERDICT. A juror who has consented to a verdict cannot afterwards be heard to say that it does not express his honest judgment on the facts of the case, but that he assented to it because he was sick, and desired to be released.

*Appeal from Dubuque District Court.*

MONDAY, MARCH 14.

THE defendant was convicted of the larceny of a sum of money, and sentenced to a term of imprisonment in the penitentiary.

*H. T. McNulty*, for defendant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—I. The evidence against the defendant was purely circumstantial. He kept a saloon in the city of Dubuque,

1. LARCENY: property found on defendant's premises: identity: presumption: instruction.

and the evidence on which he was convicted tends strongly to prove that the alleged larceny was committed in his saloon. The money is alleged to have been stolen from one Frank C. Harmon, on the evening of September 22, 1884. On that evening Harmon went to the saloon, and, after taking a number of drinks of intoxicating liquors, engaged in a game of dice with the defendant. He had been drinking before he went there, and was intoxicated while in the saloon. He had in his possession money to the amount of about $200, which he exhibited to defendant. Other persons were in the saloon at the time, and the exhibition of the money was made in their presence. Soon afterwards Harmon left the saloon, and, in a short time thereafter, discovered that he had lost his money. He immediately informed a police officer of his loss, and defendant and his bar-tender were arrested and kept in custody during that night. The next morning the city marshal, in company with Harmon, searched the

saloon, and, in an ice-chest in the saloon, they found $25 in gold coin, which Harmon swore on the trial was a part of the money which was stolen from him. He testified that he was able to identify it by certain marks which he had placed upon it the day before the larceny, and which he pointed out to the jury. Some time afterwards a pocket-book was found in the water-closet connected with the saloon, and he also identified it as the one in which the money was when stolen.

The district court instructed the jury that, if defendant had the stolen property, or some portion of it, in his possession soon after the larceny, and such posession was not explained, it was presumptive evidence of his guilt. It was urged by counsel that the court was not warranted in giving this instruction, for the reason that the evidence did not show that the money found in the saloon was in the actual or exclusive possession of defendant. If the question rested alone on the facts detailed above, this point would probably be well taken. The fact that the stolen property was found in defendant's place of business would not alone raise a presumption that he is guilty, there being other inmates of the place. Rosc. Crim. Ev. 18; 2 Starkie, Ev. 450. But the case does not rest on that fact alone. Defendant testified in his own behalf, and he admitted that he had placed the $25 in the ice-box where the marshal found it; but he claimed that it was his own money, and that he had placed it there a day or two before the larceny is alleged to have been committed. The court was fully warranted on this evidence in submitting the question as to the identity of the money found in the saloon, with that stolen from Harmon, to the jury, as was done, and, in telling them that the fact of the possession by defendant of the stolen property, if it was proven, was, in the absence of any reasonable explanation of the possession, presumptive evidence of his guilt. It was shown by his own testimony that he had had the money found by the marshal in his actual possession. If it was part of the stolen money, as the jury may well have found it was, his statement as to the owner-

ship of the money, and the time of placing it in the ice-box, was necessarily false. Objections have been urged to other of the instructions given. Without setting out the instructions objected to or the grounds of objection, we deem it sufficient to say that they appear to us to be correct.

II. While the jury was deliberating, a question arose as to what a witness had testified to on a certain point, and they

2. JURY : right to minutes of evidence: duty of bailiff. requested the officer in charge to bring the minutes of the witness's testimony to the jury-room, that the question of difference might be settled by an examination of them; but the officer refused to do this, and this was one of the grounds of the motion for a new trial. The action of the officer in refusing to take the minutes of the testimony to the jury-room was clearly right. If the jury regarded the question about which they differed as an important one, they should have required the officer to conduct them before the court, where the desired information could have been communicated to them. Code, § 4454. As this course was not taken, but they afterwards agreed upon a verdict, it must be assumed, either that the question as to which the difference arose was not regarded as of importance, or that they were able to determine the question without recourse to the evidence.

III. During the deliberation of the jury, one of their number was taken sick, and was permitted to separate him-

3. ——: sick juror : temporary absence with bailiff. self from the others, and take a walk in the open air. He was accompanied, however, by an officer, and was not permitted to communicate with any person about the case. This action, although it was not strictly regular, affords no ground for disturbing the judgment. Defendant was in no manner prejudiced by it.

IV. It was sought to be shown, in support of the motion for a new trial, that the juror who was taken sick assented to

4. ——: juror disclaiming verdict. the verdict, not because he was convinced by the evidence that defendant was guilty, but because of his desire, owing to his sickness, to get released from the

jury room.    But, having consented to the verdict, he cannot afterwards be permitted to say that it is not his honest judgment on the facts of the case.

We have not deemed it necessary to discuss all of the objections to the verdict urged in the motion for a new trial. We have, however, examined the whole record with care, and we find no grounds for disturbing the judgment pronounced by the district court, and it will be

AFFIRMED.