358    SUPREME COURT.

Jesse Robinson et al. v. The State of Florida—Opinion of Court.

JESSE ROBINSON AND ANTHONY WILLIAMS, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Plaintiff in error's counsel requested the court to instruct the jury: "If you believe from the evidence that there is a question of the ownership of this hog, no matter how slight it may be between Joseph Rowe and Peggy Mitchell, you must find for the defendants," was properly refused. It was too broad.

2. A charge that if the jury believe from the evidence that the defendants killed the hog in question, honestly believing at the time that it belonged to Rowe, they committed no offence against the laws of this State, would have been correct.

3. When there is conflicting evidence it is the duty of the jury, if possible, to reconcile the conflict, and after doing so, if the defendant is convicted, and there is evidence sustaining the verdict; and there is no question as to the credibility of the witnesses, and there is nothing to show that the jury were influenced by any improper motive, this court will not set the verdict aside.

4. The court will not reverse the finding of the jury upon a question of fact, unless the verdict is so clearly and manifestly against the weight of evidence as to suggest the presumption that it was produced by influences other than a proper consideration of the testimony.

Writ of Error to the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*S. Y. Finley* for Plaintiffs in Error.

*The Attorney-General* for Defendant in Error.

MR. JUSTICE MITCHELL delivered the opinion of the court:

The plaintiffs in error were jointly tried and convicted at the spring term of the Circuit Court, 1887, upon indictment charging them with the larceny of a domestic animal, to

wit, a hog. Motion for new trial was made and denied, and reversal of said cause is asked because new trial was not granted, and the following are the errors assigned :

1st. Because the verdict was contrary to law.

2d. Because the verdict was contrary to the evidence and the weight of evidence.

3d. Because the court erred in refusing to give the jury, third request of counsel for defendant, to wit: If you believe from the evidence that there is a question of ownership of this hog, no matter how slight it may be, between Joseph Rowe and Peggy Mitchell, then you must find for the defendants.

4th. Because the verdict is contrary to the charge of the court.

5th. Because the court erred in overruling motion for new trial.

At the trial of this cause the Judge of the Circuit Court was requested by defendants' counsel to instruct the jury :

1st. If you believe from the evidence that the defendants took and killed this hog, believing that it was the property of Joseph Rowe, and that they killed it under the direction of Katie Rowe, wife of Joseph Rowe, you must find for the defendants.

2d. If you believe from the evidence that the defendants took and killed said hog under the direction of Katie Rowe, wife of Joseph Rowe, for the use and benefit of said Rowe, and not for their own use and benefit, then you must find for the defendants.

3d. If you believe from the evidence that there is a question of the ownership of this hog, no matter how slight it may be, between Joseph Rowe and Peggy Mitchell, then you must find for the defendants.

4th. If there is a reasonable doubt in your minds you must give the defendants the benefit of the same.

This whole charge, except the third paragraph, was given to the jury as requested, the third paragraph was " refused."

We will not take up the errors assigned in their order but will consider the third ground first.

This court held in Willingham vs. The State, 21 Fla., 761, that " when separate paragraphs or parts of a charge to a jury are excepted to, the whole should be considered, and if considered as a whole the charge is free from the de. fects alleged, the exception should be overruled."

In this case there was no charge given by the Circuit Judge, except that given at the request of counsel for plaintiffs in error, but the objection is that the court erred in refusing to charge the jury as requested in the third paragraph. The Judge in submitting the 1st, 2d and 4th paragraphs of the charge to the jury gave them correctly the law bearing upon the case, and in refusing to give the 3d paragraph no error was committed, because the question as to the ownership of the hog was raised by the 1st paragraph of the charge—the jury passed upon it and convicted the defendants. The charge asked, 3, in our opinion, goes too far. A charge that if the defendants killed the hog in question, honestly believing at the time that it belonged to Rowe, they committed no offence against the criminal laws of this State, would have been correct, but, the charge asked and refused, that " if you believe from the evidence that there is a question of the ownership of this hog, no matter how slight it may be between Joseph Rowe and Peggy Mitchell, then you must find for the defendants," is not, in our opinion, correct. The charge requested withdrew from the jury their right under the evidence to find that the defendants were guilty as charged, if there was the *slightest question* as to the ownership of the hog,

without any reference to the fact as to whether or not they, the defendants, had any knowledge of such question as to ownership, and as to whether or not they *honestly believed* at the time they killed the hog that it belonged to Rowe, Under that part of the charge refused by the Circuit Court even had it been shown that the defendants believed, and in fact knew at the time the hog was killed by them, that it belonged to Mitchell, and not to Rowe, they could not have been convicted.   Counsel for plaintiffs in error earnestly contend that the 3d paragraph of the charge should have been given to the jury, and that the court erred in refusing to give it, and cite the case of Morning Star vs. The State, 33 Ala., 148, to sustain the position they assume. In this case the defendant was tried for stealing a stick of timber, and at the trial the Circuit Judge was requested to charge the jury that, "if the jury believe from the evidence that the defendant had a claim, honestly entertained, to the stick of timber in question, at the time it was cut and removed, he was not guilty of larceny in cutting and removing it, although he knew at the time, and prior thereto, of an adverse claim by another person."   This charge was refused and the case taken to the Supreme Court, which court held, "that the charge in this case asserts a correct legal proposition, and should have been given, if there was any evidence before the jury tending to prove that the defendant had a claim, honestly entertained, to the stick of timber in question."   This proposition of law laid down and sanctioned by the Supreme Court of Alabama is doubtless correct.   It is the doctrine held by all the courts so far as we know.

But the charge requested in this case goes far beyond the rule laid down by the Supreme Court of Alabama.   The Circuit Judge in this case was requested to instruct the

jury in substance, that they could not convict the accused if there was a *shadow* of doubt as to the ownership of the property in question, regardless of any belief or knowledge they may have had as to such ownership. We see no error in the Circuit Judge refusing to give the third paragraph of the charge in this case.

The evidence in the case is conflicting, but in all such cases the jury, under appropriate charge of the courts, are to pass upon the whole evidence, and if there is a conflict, they are to reconcile the conflict, if possible, and after doing so, if there is evidence sustaining the verdict, and there is no question as to the credibility of the witnesses, and there is nothing to show that the jury were influenced by any improper motive, this court will not interfere and set aside the verdict. Mayo vs. Hynote, 16 Fla., 673.

The court will not reverse the finding of the jury upon a question of fact, unless the verdict is so clearly and manifestly against the weight of evidence as to suggest the presumption that it was produced by influences other than a proper consideration of the testimony. John, D. C., vs. State *ex rel.*, 16 Fla., 554.

Applying this doctrine to the case, we fail to see where any error was committed by the Circuit Court. The record shows that there was evidence upon which the jury found their verdict; and the evidence is of such a character as to show that the jury, in coming to the conclusion they did, were influenced by no improper motive whatever.

The verdict of the jury was not so " clearly and manifestly " against the *weight* of the testimony as to show that it should be reversed.

Judgment affirmed.