ANGUS McDONALD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. In a criminal prosecution a verdict of guilty will not in general be disturbed upon the ground of the insufficiency of the evidence, where there is some evidence from which all the elements of the crime may legally have been found or inferred, and it does not appear that the jury were not governed by the evidence adduced at the trial.

2. A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility of conflicting witnesses.

3. In a criminal prosecution a verdict of guilty should not be found unless upon a consideration of all the evidence it appears therefrom beyond a reasonable doubt that the accused committed the offense charged.

4. Where a verdict of guilty has been found in a criminal prosecution and a motion is made for a new trial upon the insufficiency of the evidence, the trial court should grant the motion if it appears to the court that there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence.

5. An appellate court should not grant a new trial upon the insufficiency of the evidence to sustain a verdict of guilty

McDonald v. State.—Syllabus.

affirmed by the trial court if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it.

6. A verdict of guilty of larceny may be found from the unexplained possession of goods recently stolen.

7. Where a party who is found in possession of goods recently stolen, directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the state to prove that such account is untrue, otherwise he should be acquitted. The account given must be not only reasonable, but it must be credible, or enough so to raise a reasonable doubt in the minds of the jury, who are the judges of its reasonableness and probability as well as of its credibility. The account given may be reasonable and highly plausible, yet if the jury do not believe it, they have the right to convict upon the evidence furnished by the possession of the stolen goods alone, even though the State does not put in any evidence directly to prove the falsity of the account given.

8. In a prosecution for larceny the guilt of the accused does not follow as a presumption of law from the unexplained possession of the property recently stolen; but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges, to be considered in connection with all the other circumstances of each particular case.

9. A defendant charged with larceny is not required to prove the truth of his explanation of the possession by him of goods recently stolen. If the explanation given leaves a reasonable doubt upon the minds of the jury they should acquit unless the State proves the falsity of the explanation; in which case the jury may infer guilt of larceny from the mere possession of goods recently stolen. If no presumption of guilt may be properly inferred, the guilt must be

proven as in other cases, or the defendant is entitled to an acquittal. Where a verdict of guilty is found it indicates that the explanation was not believed by the jury, and unless, upon a fair consideration of all the facts and circumstances in evidence, it appears that the jury were not governed by the evidence in their finding, the verdict should not be disturbed on the ground of insufficiency of the evidence.

10. The identity of stolen money may be determined by the jury from circumstantial evidence.

11. Evidence examined and found sufficient to sustain a verdict of guilty of the larceny of a $20.00 gold coin.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*W. T. Bludworth, D. A. Simmons* and *J. Bowers Campbell,* for plaintiff in error;

No appearance for the State.

WHITFIELD, J.—The plaintiff in error was convicted of grand larceny, and on writ of error seeks a reversal of the judgment and sentence on the sole ground that the verdict is not sustained by the evidence.

In a criminal prosecution a verdict of guilty will not be sustained if there is not at least some evidence from which the jury may have found or inferred every fact legally essential to the commission of the offense, or if it appears that in finding the verdict the jury were not

governed by the evidence adduced at the trial. Where premeditated design or a particular intent or other fact is an essential element in a crime, and it affirmatively appears there was no evidence of such fact a verdict of guilty may be set aside by the appellate court. If it appears from a consideration of all the evidence that the jury were not governed by it in rendering a verdict of guilty, a new trial may be granted. John D. C. v. State, 16 Fla. 554; Williams v. State, 20 Fla. 391; Small v. State, 20 Fla. 780; Robinson v. State, 24 Fla. 358, 5 South. Rep. 6; Teal v. State, 43 Fla. 580, 31 South. Rep. 282; McNish v. State, 47 Fla. 66, 36 South. Rep. 175; Caldwell v. State, 50 Fla. 4, 39 South. Rep. 188; Baker v. State, 54 Fla. 12, 44 South. Rep. 719; Minor v. State, 55 Fla. 90, 45 South. Rep. 818; Clark v. State; decided at this term. See, also, 2 Am. & Eng. Enn. Cas. 762. Where there is evidence from which all the elements of the crime may legally have been found or inferred, and it does not appear that the jury were not governed by the evidence, the verdict will in general not be disturbed by the appellate court on the ground of insufficiency of the evidence. Collier v. State, 55 Fla. 7, 45 South. Rep. 752; McCaskill v. State, 55 Fla. 117, 45 South. Rep. 843; Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4.

A verdict will not be set aside by an appellate court where the propriety of the verdict depends not upon the lack of evidence, but upon the credibility of conflicting witnesses. Browning v. State, 41 Fla. 271, 26 South. Rep. 639; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734.

Larceny may be proven by circumstantial evidence of such a nature and probative force as that the jury could legally infer guilt therefrom beyond a reasonable doubt. See Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858; Chamberlayne's Best on Ev. 192.

In a criminal prosecution a verdict of guilty should not be found unless upon a consideration of all the evidence it appears therefrom beyond a reasonable doubt that the accused committed the offense charged. Where a verdict of guilty has been found in a criminal prosecution and a motion for a new trial is made upon the insufficiency of the evidence, the trial court should grant the motion if it appears to the court that there is difficulty in reconciling the verdict with the justice of the case, and the manifest weight of the evidence. See Schultz v. Pacific Ins. Co., 14 Fla. 73, text 94. This discretion is accorded the trial court who heard the evidence, saw the witness and was cognizant of all the circumstances attending the trial of the case. But appellate court should not grant a new trial upon the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it. In the appellate court the presumption is that the jury and the trial court did their duty. See Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618; Mack v. State, 54 Fla. 55, 44 South. Rep. 706; Marshall v. State, 54 Fla. 66, 44 South. Rep. 742.

A verdict of guilty of larceny may be found from the unexplained possession of goods recently stolen. Tilly v. State, 21 Fla. 242. Wills on Circumstantial Ev. 68, 154v*

Where a party who is found in possession of goods recently stolen, directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be not only reasonable,

but it must be credible, or enough so to raise a reasonable doubt in the minds of the jury, who are the judges of its reasonableness and probability as well as of its credibility. The account given may be reasonable and highly plausible, yet if the jury do not believe it, they have the right to convict upon the evidence furnished by the possession of the stolen goods alone, even though the State does not put in any evidence directly to prove the falsity of the account given. Leslie v. State, 35 Fla. 171, 17 South. Rep 555; Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560; Williams v. State, 40 Fla. 480, 25 South. Rep. 143, 74 Am. St. Rep. 154.

The guilt of the accused does not follow as a presumption of law from the unexplained possession of the property recently stolen; but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges, to be considered in connection with all the other circumstances of each particular case. Rimes v. State, 36 Fla. 90, 18 South. Rep. 114; Collier v. State, 55 Fla. 7, 45 South. Rep. 752.

The defendant is not required to prove the truth of his explanation of the possession by him of goods recently stolen. If the explanation leaves a reasonable doubt upon the minds of the jury they should acquit unless the State proves the falsity of the explanation; in which case the jury may infer guilt of larceny from the mere possession of goods recently stolen. If no presumption of guilt may be properly inferred, the guilt must be proven as in other cases, or the defendant is entitled to an acquittal. Where a verdict of guilty is found it indicates that the explanation was not believed by the jury, and unless, upon a fair consideration of all the facts and circumstances in evidence, it appears that the jury were not governed by the evidence in their finding, the verdict

should not be disturbed on the ground of insufficiency of the evidence.

While there is no positive evidence that the defendant unlawfully took the $20.00 gold coin of another as charged, there is testimony that it was stolen, that defendant had an opportunity to take it, that circumstances pointed to the defendant as the guilty party; that within three days thereafter he offered to have a $20.00 gold piece changed, stating that it had been sent to him to be changed and asked that his possession of it be not mentioned, and that he heard the money had been stolen soon after he left the house from which it was taken.

At the trial the defendant denied making a request that his possession of the coin be not mentioned; and testified that he received the coin several months previously as payment on a horse sold, producing a receipt given by him to another for $21.00 with an explanation that $1.00 was otherwise paid. There was some corroboration of the defendant's testimony as to his having received a $20.00 gold coin more than two months previous to the theft charged.

The identity of stolen money may be determined by the jury from circumstantial evidence. People v. Wong Chong Suey, 110 Cal. 117, 42 Pac. Rep. 420; State v. Griffin, 71 Iowa, 372, 32 N. W. Rep. 447; 25 Cyc. 124; State v. Hoppe, 39 Iowa 468.

Under the circumstances of this case the jury might fairly have inferred that the $20.00 gold piece in the possession of the defendant was the one stolen. The explanation given by the defendant of his possession of a $20.00 gold piece recently after the alleged theft, though plausible, when taken with the conflicting testimony, may, under all the circumstances, not have been believed by the jury whose province it was to pass upon its credibility.

It does not appear that the jury were not warranted in presuming or inferring the guilt of the defendant from his possession of a $20.00 gold coin at a time so soon after he had an opportunity to take a coin of that character and denomination belonging to another.

The verdict of guilty indicates that the jury did not believe the explanation, and the inference of guilt drawn by the jury from the possession is supported by the circumstances in evidence. ·

There is some evidence of all the facts apparently essential to conviction, and it does not appear that the jury were not governed by the evidence in their finding; therefore the verdict is not without evidence to sustain it, and under the well established rule, the judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.