STANDARD GROWERS' EXCHANGE, *Plaintiff in Error;* v. JAMES P. MARTIN, *Defendant in Error.*

Opinion Filed January 5, 1921.

1. A verdict will not be disturbed upon the ground that it is unsupported by the evidence, when the trial court after ordering a substantial remittitur concurs in the verdict so modified and there is substantial evidence to support the verdict as so modified.

2. A contract between the parties for the sale and purchase of the oranges growing upon the trees of several groves, under the terms of which the purchaser paid the sum of fifteen hundred dollars upon the execution of the contract, half of which sum was to be applied to the payment for the early bloom fruit, which was to be removed by him before December 25th, and half to the payment for the late bloom fruit to be removed in March, is entitled to a credit of the remaining seven hundred and fifty dollars upon a demand for pay

ment for the fruit of the early bloom, which was not removed at the date agreed upon by the purchaser, and which was lost by injurious effects of a frost occurring in January.

3. The principle upon which a remittitur is directed to be entered is: the court considers the damages as returned by the jury to be excessive.

4. In a common law action where there has been a verdict for the plaintiff, a remittitur ordered by the trial court, but which is not deemed sufficient because of the failure of the court to allow the defendant credit for a certain sum of money held by the plaintiff for the defendant's use, this court will, acting under Section 1707, General Statutes, direct a further sum to be remitted by the plaintiff to the defendant.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed if remittitur is entered.

*David & Giles,* for Plaintiff in Error;

*John B. Sutton,* for Defendant in Error.

ELLIS, J.—The defendant in error, James P. Martin, brought an action upon a contract for the sale of citrus fruit against the plaintiff in error, whose name at that time was H. C. Shrader Company. There was a verdict for the plaintiff in the sum of one thousand dollars, a remittitur of five hundred dollars was ordered by the court and judgment entered for five hundred dollars. The defendant seeks a reversal here.

In substance the declaration alleges that the contract was entered into in September, 1916, for Martin's crop

of citrus fruit then on his groves two miles north of Seffner, the price to be paid by the purchaser was one dollar per field box, the purchaser agreeing to move all fruit from the early or first bloom before Christmas, but was allowed until March 15th to remove all fruit from the late bloom. The purchaser, H. C. Shrader Company, paid fifteen hundred dollars when the contract was signed, half of which amount was to apply on the fruit removed in December, and the remaining half to be applied on the last shipments. Other payments were to be made as the fruit should be picked. It is alleged that the defendant failed to remove the early bloom fruit as it had agreed to do, and that a freeze came in February, 1917, destroying the fruit and that the defendant refuses to pay for it.

The contract as construed by both the parties is an agreement of sale whereby the purchaser pays for the fruit as it removes it, but agreed to remove all early bloom fruit before Christmas, although it was allowed until March 15th, of the succeeding year, to remove the late bloom fruit. If the fruit is destroyed by a freeze occurring before the limit of time allowed for its removal, the loss falls upon the seller. No claim was made by the plaintiff for the loss of the late bloom fruit, but his claim rests upon the allegation that the defendant did not gather and pay for the early bloom fruit as it agreed to do, but suffered it to remain on the trees contrary to its agreement, so that when the freeze came it was destroyed, and the loss should therefore fall upon the defendant.

The defendant pleaded that it removed all the early bloom fruit as it was required by the contract to do. There were other pleas, but it is unnecessary to mention them.

The issue to be tried therefore was very clear, the difficulty being to prove what proportion of the oranges and grapefruit left on the trees after the freeze was of the early bloom. All fruit of that age should have been removed by the purchaser before Christmas, according to the terms of the contract. The early bloom appears upon the orange trees during the months of February and March and matures ·as early as November, so it appears from the evidence, but the fruit from the late bloom, which occurs in May or June, matures much later, about the month of March following. The blooming of the trees and maturity of the fruit seems, however, not to occur always during the above named period, but varies according to the seasons. According to some of the witnesses during the year 1916, in the territory in which the plaintiff's groves were located, there was practically no June bloom, and the late bloom occurred in April, and the fruit from that bloom constituted the greater part of the crop, and was considered as the late crop.

The evidence is not at all clear that the fruit which was left on the trees and which was destroyed by the cold weather was from the early bloom and could have been removed by the purchaser before Christmas. It appear from the evidence that the plaintiff had several groves the fruit of which the defendants purchased, but the fruit in one of the groves was not picked at all, and that when the freeze came there were about twelve or fifteen hundred boxes of fruit on the trees. The sons of the plaintiff testified that "except on the grove that had not been picked the rest was late bloom. I think most of the others was early bloom fruit.'' The defendant's own estimate of the entire crop was that about 70% was early bloom fruit and about 30% late bloom fruit. In view of this evidence, we are unable to say the verdict

was unwarranted, and as the court approved the finding after directing a remittitur of five hundred dollars, we think it should not be disturbed upon the ground that it was unsupported by the evidence. See Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44; Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 South. Rep. 274; Robinson v. State, 24 Fla. 358, 5 South. Rep. 6; McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

The second assignment of error rests upon the following instruction given by the court to the jury upon the plaintiff's request, which was duly excepted to by defendant:

"Gentlemen of the jury, the plaintiff is suing the Standard Growers Exchange, a corporation, successor to H. C. Shrader Company, a corporation, for breach of contract for the sale of fruit. Plaintiff was to receive under the terms of the contract of sale one ($1.00) Dollar per field box for oranges, grapefruit and tangerines on the tree, the defendant agreeing to move all early or first bloom fruit before Christmas, 1916, and all late bloom fruit by March 15, 1917. The plaintiff claims that the defendant failed to remove the early bloom fruit as agreed by the contract, but that the defendant failed or refused to remove the early bloom fruit in accordance with the contract with the plaintiff; that because of its failure to remove it, the same was frozen on February 17th.

"If you believe from the evidence that the defendant refused or failed to remove any early bloom fruit contracted by the plaintiff to the defendant before Christmas, in accordance with the contract, then you should find for the plaintiff and assess his damages at whatever sum you may find he is entitled to under the evidence.

The plaintiff is entitled to interest at the rate of 8% per annum from Christmas, 1916, on whatever amount you may find to be due him on a basis of $1.00 per field box for the fruit not removed in accordance with the contract."

The criticism of this instruction by plaintiff in error is that it "eliminates the credit of $750.00 to which the 'plantiff' (defendant below) was entitled to under the contract sued on." That the effect of the instruction was to direct the jury to disregard the credit of $750.00 to which the defendant was entitled.

The contract was made a part of the declaration and showed that $1,500.00 had been paid by the defendant in advance to the plaintiff, half of which sum was to be applied on the fruit moved in December, and the remainder to be applied on "last shipments to be paid as fruit is picked and delivered to Tampa." Now the plaintiff's demand arose from the alleged failure of the defendant to remove the "early bloom fruit" according to its agreement, which provided that such fruit should be removed before Christmas. The failure to remove such fruit before that date was at defendant's peril, but it was in nowise liable for its failure to remove the "late bloom fruit" before March 15th of the following year, yet upon the face of the declaration considering the contract a part of it, the defendant had to his credit in the hands of the plaintiff on account of the contract the sum of seven hundred and fifty dollars. The jury found for the plaintiff in the sum of one thousand dollars, they were instructed that plaintiff was entitled to interest at the rate of 8% per annum from Christmas, 1916, on whatever amount they might find to be due to him on the basis of $1.00 per field box for the fruit not removed in

accordance with the contract. Whether any account of interest was taken and included in the verdict it is impossible to say. The court, however, directed a remittitur of five hundred dollars. Whether in doing so it took account of the credit of seven hundred and fifty dollars and interest thereon to which the defendant was entitled it is also impossible to determine.

The Standard Growers Exchange has begun its action against Martin for the recovery of the advance payment on the fruit of the late bloom. If it obtains credit in the instant case for that payment, or the question of whether it was entitled to receive it at all had been submitted in this case by a plea of recoupment or specific request for an instruction to the jury to allow it, then the judgment in this case could be successfully pleaded in the other as *res adjudicata.* But neither plea nor request for instruction to the jury concerning this claim of the defendant was filed or made by it. If the court had not directed a remittitur we would have considered that no account was taken in this case of the defendant's claim. And as the failure of the court to charge the jury upon the question of the defendant's claim in the absence of a request to charge upon that matter cannot be assigned for error, there would have been no cause for reversal. See Carter v. Bennett, 4 Fla. 283. There is no necessity for repeating the reason for this rule, it is fully given in the opinion of the court in the above cited case.

The principle upon which a remittitur is directed to be entered is, the court considers the damages as returned by the jury to be excessive, and as the court cannot substitute its judgment for that of the jury, it leaves the matter to the party recovering the verdict to agree upon the condition on which the court denies the motion for

a new trial. We do not regard the verdict of one thousand dollars as excessive in so far as that sum is regarded as damages which accrued to the plaintiff because of the failure of the defendant to remove the "early bloom fruit," the only issue submitted; but if it was intended that that sum should be recovered over and above the amount of seven hundred and fifty dollars which the plaintiff has in his hand belonging to the defendant, then we regard the verdict as excessive to that amount.

So acting under authority of Section 1707 of the General Statutes of Florida, which empowers this court to give such judgment as the court below ought to have given, or as it may appear according to law, we will give the plaintiff below the option to retain his judgment if he will enter a further remittitur of two hundred and fifty dollars as of the date of the judgment, thus making full restitution to the defendant on account of the seven hundred and fifty dollars belonging to it in the hands of the plaintiff. See Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714.

It is ordered that the judgment for five hundred dollars stand as of the date it was rendered if the plaintiff enter a further remittitur of two hundred and fifty dollars, but that failing to do this within thirty days after the mandate of this court is received by the Clerk of the Circuit Court, the judgment is reversed and a new trial granted.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.