## STANDARD ASPHALT CO. OF FLORIDA v. AMERICAN SURETY CO. OF NEW YORK.

### No. 3823.

District Court, S. D. Florida, Jacksonville Division.

Jan. 3, 1934.

Herbert L. Anderson, of Jacksonville, Fla., for plaintiff.

Doggett, McCollum, Howell & Doggett, of Jacksonville, Fla., for defendant.

STRUM, District Judge.

In an action at law in the circuit court for Duval county, Fla., this plaintiff, Standard Asphalt Company, recovered judgment against Finley Method Company. Writ of error was taken by the Finley Company to secure a review of that judgment by the Supreme Court of Florida (Finley Method Co. v. Standard Asphalt Co., 104 Fla. 126, 139 So. 795).

American Surety Company of New York, the defendant in the present case, executed a supersedeas bond as surety. The condition of the bond was that it should be void "if said Finley Method Company should pay the plaintiff herein the amount of said judgment and all interest thereon, in case said final judgment of said (state) circuit court should be affirmed."

The judgment of the Supreme Court of Florida was: "If, within thirty days after filing the mandate in the court below, the plaintiff shall pay all costs of this writ of error and file a remittitur for the item of $1,207 with any interest · thereon which may have been included in the judgment, such judgment will stand affirmed for the remainder;

otherwise, it will be reversed, and a new trial awarded with directions to have such further proceedings as may accord with law and this opinion." 104 Fla. 126, 139 So. 795, 797. The mandate of the Supreme Court of Florida, filed in the state circuit court on March 11, 1932, contained the same command. That mandate having been issued at the January, 1932, term of the Supreme Court, all jurisdiction thereover ceased with the adjournment of that term on June 13, 1932. Section 4690, Comp. Gen. Laws Fla. 1927.

On May 25, 1932, Standard Asphalt Company instituted in the state circuit court its action at law upon the supersedeas bond aforesaid, which action was removed to this court. In the declaration it is alleged that the Supreme Court "affirmed the final judgment of said (State) Circuit Court upon the condition that the plaintiff should enter" a remittitur and pay the costs above mentioned, "which said remittitur was by plaintiff 'duly' entered and said costs by plaintiff paid"; further averring that neither the judgment debtor nor the defendant surety had paid said judgment so affirmed, hence this action on the supersedeas bond.

In its pleas to said declaration, the defendant surety company pleads the command of the mandate aforesaid, and further avers in one plea "that the remittitur specified in and required by said mandate was not filed within thirty days after March 11, 1932," and in another plea "that the plaintiff did not within thirty days after March 11, 1932, pay the said costs so specified in and required by said mandate."

Plaintiff demurs to these pleas, taking the position that for the purpose of entering the required remittitur and paying said costs it is not limited to the time fixed in the aforesaid mandate, but that if such action be taken at any time before institution of this suit on the supersedeas bond it would be effective to affirm the state court judgment and hence charge the surety. Upon this premise plaintiff concludes that the pleas under consideration are pleas in abatement, and as such are insufficient.

In so far as the judgment standing in the lower court is concerned, the mandate of an appellate court is the last word in authoritative judicial direction and command. It is binding upon the lower court and the parties, and must be strictly followed. No provision can be ingrafted upon or taken from the terms of such a mandate. 2 R. C. L. p. 289. The lower court is bound by the mandate as the law of the case, and must carry it into execu-

432

tion according to its terms. The lower court cannot vary it, nor examine it for any other purpose than execution. Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 40 L. Ed. 414; Kansas City S. R. Co. v. Guardian Trust Co., 281 U. S. 1, 50 S. Ct. 194, 74 L. Ed. 659; Sibbald v. U. S., 12 Pet. 488, 492, 9 L. Ed. 1167, 1169. Such a mandate leaves nothing to the judgment and discretion of the lower court, as the latter can take no action but to effectuate the mandate. Perkins v. Fourniquet, 14 How. (55 U. S.) 328, 330, 14 L. Ed. 441, 442; Morris v. U. S. (C. C. A.) 185 F. 73; U. S. v. Howe (C. C. A.) 280 F. 815, 23 A. L. R. 531, 535.

 In the nature of things, such an affirmance as is involved in the above-mentioned mandate is not absolute, but is conditional; the prevailing party having the option to accept the reduced amount or to submit to a new trial. Affirmance of the judgment was made to depend upon an event which might or might not happen. It puts the prevailing party to an election, the time within which the same may be exercised being specifically fixed by the appellate court. A remittitur cannot be entered after the expiration of the time allowed therefor. 4 C. J. 1137, 1146; People v. Secor (Sup.) 119 N. Y. S. 185, which holds that where a prevailing party failed to enter his remittitur within the time fixed by the mandate, the other party became absolutely entitled to a new trial on that date, even though the prevailing party subsequently agreed to reduce the judgment.

In Carre v. City of New Orleans, 42 La. Ann. 1119, 8 So. 399, 400, it was said: "When a cause, the judgment in which is contingently affirmed, is remanded to the court of first instance, the party in whose favor this qualified affirmance exists is bound to fulfill the conditions that are thus imposed, and make it clear that he is entitled to the absolute affirmance of same." In that case a remittitur was not involved, but the principle announced is applicable here.

In Turner v. Adams, 39 Fla. 86, 89, 21 So. 575, the Florida Supreme Court refers to a judgment of this character as giving the prevailing party an "option." In Standard Growers' Exchange v. Martin, 80 Fla. 864, 87 So. 54, 57, the Supreme Court of Florida again uses the same language: "We will give the plaintiff below the option to retain his judgment if he will enter a further remittitur."

 It seems plain that where there is a conditional affirmance of the character here involved the prevailing party must strictly comply with the conditions fixed by the appellate court, and within the time so fixed. Any attempt to comply with them at a later date is unavailing, if properly objected to.

 In determining the liability of the defendant in the present cause upon the supersedeas bond sued upon, the doctrine of strictissimi juris applies. This defendant surety is not liable on the supersedeas bond unless the state court judgment appealed from is affirmed.

 The allegation in plaintiff's declaration that the required remittitur was "duly" entered, and the costs paid, is a material allegation because plaintiff's "option" to have the judgment affirmed became irrevocably lost unless plaintiff complied with the terms of the mandate within the time fixed. As these pleas, by issuable averments of fact, deny the performance of the conditions precedent fixed by the state Supreme Court upon which the judgment secured by the bond shall stand affirmed, and as the defendant surety is liable only if such judgment is affirmed, said pleas traverse a material allegation of the declaration (see section 4321, Comp. Gen. Laws Fla. 1927), and if true constitute a complete defense to this action. The pleas are in bar, not in abatement, and for the reasons stated are good as against demurrer.

Demurrer overruled.