### I. N. CUMMINGS and Wife *vs.* JOHN TAYLOR.

#### March 9, 1878.

**Evidence—Questions Submitted to Jury.**—Certain questions submitted to the jury in this case considered, and *held* to have been properly submitted. The answers to five questions thus submitted, *held* to be sustained by the evidence, and the answer to a sixth question not to be sustained; and the award of damages directed to be modified accordingly.

**Witness—Cross-Examination—Recall of Witness Discretionary with Court.**—When a witness has been examined, cross-examined, and dismissed from the stand, he can be recalled for further cross-examination only by the indulgence of the court; and, when permitted to be so recalled, the court is entitled to exercise a large discretion as to the manner in which, and the extent to which, the favor granted shall be made use of.

**New Trial—Newly Discovered Evidence—Evidence Cumulative, Immaterial and Unimportant.**—A motion for a new trial, on the ground of newly discovered evidence, *held*, to have been properly refused, such evidence being almost wholly cumulative, some of that which is not cumulative not being shown to be material, and the rest being of such a character that it is not likely to change the result of the trial.

This action was tried in the district court for Fillmore county by *Page*, J., and a jury. It was brought to recover possession of certain premises, together with damages for the detention and injury to the same. The complaint set out a

contract for the sale of the said premises, under which the defendant had obtained possession, a breach thereof by the defendant, and a demand for the surrender of possession to the plaintiffs. The defendant alleged in his answer that the plaintiffs had failed to comply with the agreement upon their part; that they had therein fraudulently imposed upon the said defendant, and that the latter had thereby incurred damages to the amount of $4,420.

The jury having rendered their verdict, the plaintiffs moved for a new trial. The motion was overruled, and they thereupon appealed.

*J. Q. & J. D. Farmer,* for appellants.

*H. R. Wells,* for respondent.

BERRY, J. Upon the trial of this action the following questions were submitted to the jury, and answered as follows:

*First.* "Has plaintiff been damaged by reason of the waste and detention charged in the complaint? If yes, how much?"

Verdict: "Yes; four hundred dollars."

*Second.* "How much in value did defendant pay plaintiff on the contract alleged?"

Verdict: "Two thousand five hundred and thirty-one dollars."

*Third.* "Did the plaintiffs procure the defendant to execute said contract by means of deceit or false representation made to him by plaintiff when he made said contract?"

Verdict: "Yes."

*Fifth.* "Did defendant remain in possession of the mill property in controversy by the consent and in consequence of the promises and inducements alleged as being made by plaintiffs to defendant?"

Verdict: "Yes."

*Sixth.* "What, if any, damage has defendant sustained by reason of the false representations of plaintiffs charged?"

Verdict: "Three thousand three hundred dollars."

This case comes here upon appeal from an order denying a

new trial. The grounds upon which a new trial was asked
were :

*First.* Excessive damages.

*Second.* Verdict not justified by the evidence.

*Third.* Errors in law excepted to.

*Fourth.* Newly discovered evidence.

In considering the first and second grounds it has been
necessary to make a careful and detailed examination of the
large mass of testimony presented in the record, but a brief
and general statement of the results of that examination will
suffice for the purposes of this opinion. The testimony is, in
an unusual degree, conflicting and contradictory. It presents
a case in which a jury might have come to conclusions widely
differing from those which they have. reached, and yet the
court be unable to say that their findings were unsupported
by evidence. We are unable to discover any sufficient ground
upon which the answer to the first five questions can be dis-
turbed. There is abundant evidence having a reasonable tend-
ency to support them.

The answer to the sixth question cannot be sustained.

The only damages alleged in defendant's answer, and the
only damages proved or attempted to be proved, so far as we
discover, are such as resulted from the payments made by
defendant upon the contract. These payments were made in
certain personal property and real estate, and in their answer
to the second question the jury find their amount to be $2,531.
The damages found in the answer to the sixth question should
therefore be reduced to that sum. This appears to have been
the view taken by defendant's counsel in giving notice that, on
the hearing of the motion for a new trial, he should move for
judgment for $2,531, and interest thereon from the date of the
verdict, less the damages ($400) found by the jury in favor of
plaintiffs, and interest thereon from the date of the verdict. It
is proper to add that as the defendant claimed and is found to
have been injured by plaintiffs' fraud, the case was one in
which exemplary damages might properly have been claimed

and awarded. But, as we have already seen, the defendant was not entitled to claim them, or to have them awarded to him under his answer and the evidence. This brings us to the alleged errors in law. It is said that the court erred in submitting the first, second and fifth questions to the jury. It is urged that, as respects the first, the case is analogous to *Berkey* v. *Judd*, 14 Minn. 394. That was a case in which, in a certain contingency, the proper determination of the action would require a statement of partnership accounts between the parties. To make this statement, as the court say, "every item and the value of every item of the partnership assets chargeable to the respective partners, as well as its liabilities, and by whom paid, if paid at all, must be ascertained." Under such circumstances it was held that the court should not submit the taking of the accounts to a jury. There is no just analogy between that case and the case at bar. Here the question is simply as to the amount of damages occasioned by waste and detention of certain mill property. There are no accounts between parties to be investigated. There is no accounting to be done at all. The investigation does not necessarily require the production of any books of account. If it is deemed advisable to make use of account books for the purpose of showing expenditures and receipts, etc., there is no reason why this may not properly be done before a jury, just as it might be in an action upon a book account. This is in no important respect analogous to the examination of partnership books for the purpose of stating and adjusting complicated partnership accounts. The latter is a process demanding skill not possessed by an ordinary jury; the former a simple matter within the comprehension and capacity of a jury composed, as it ought to be and is presumed to be, of men of at least common education and experience.

As to the second question it is objected that it is not involved in the pleadings. We think it is directly and plainly involved. The fifth question is. we think, sufficiently specific.

If it be true, as plaintiffs claim, that it could not truly be admitted or denied as a whole, the answer to it might have been adjusted to meet this state of facts. This question is also involved in the pleadings. One of the important matters in controversy was as to whether defendant, of his own motion, *elected* to remain in possession of the mill under the original contract, or whether, without any such election, he was induced by plaintiffs to remain upon considerations outside of the original contract.

With regard to the questions addressed to Kaisar and Han, and excluded by the court, it is to be observed that, after these witnesses had been examined and cross-examined, and dismissed from the stand, they were recalled by plaintiffs for further cross-examination, and the questions referred to were then put to them. Of course this could be done only by the indulgence of the court. It interferes with the orderly conduct of a trial, and the court is entitled to exercise a large discretion as to the manner in which and the extent to which the favor shall be made use of. In this case we cannot say that the court was not sufficiently justified in excluding the questions upon the ground that their purpose and materiality were not apparent upon their faces. If they were asked with the view claimed by counsel in their brief, and the court had been so informed, they might, perhaps, have been admitted.

As respects the newly discovered evidence, we discover no error in the refusal to grant a new trial. The newly discovered evidence is almost wholly cumulative. Of that which is not cumulative, some is not shown to be material, and the rest is of such a character that a new trial might very properly have been refused upon the ground that it was not at all probable that it would change the result of the trial which had already been had.

This disposes of the case. We discover no error in the order refusing a new trial. In entering judgment, however, upon the findings of the jury, what we have before said in reference to the answer to the sixth question should be borne

in mind, and judgment for damages in favor of the defendant should be entered up as indicated in the defendant's notice of motion for judgment herein before referred to.

Order affirmed.