WILLIAM HERON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where a charge of the court to the jury embraces several distinct propositions, a general exception to the charge so given is not available if any one of the propositions is correct. Dupuis vs. Thompson, 16 Fla., 69.

2. On the trial of an indictment for willful and malicious destruction of property under the statute, (McC's. Dig., chapter 56, sec. 5,) the value of the property is not a question for the jury, but the willful and malicious destruction of such property without regard to its value, is the question for their consideration.

3. In such a case the destruction and malice may be proven by circumstantial evidence satisfactory to the jury.

4. A person claiming land in possession of another, is remitted to his action at law or in equity to recover possession, and he cannot resort to destruction of property by fire or otherwise to get the possession.

Writ of Error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Walter R. Yates* for Plaintiff in Error.

The motion for a new trial in this case assigns as error the charge of the court which it incorporates in full in the motion.

The court charges as follows :

" The law makes you the judge of the testimony. If from the testimony you think the defendant guilty as indicted for violating the law as read to you, you can find him guilty. If from the testimony you do not believe him guilty, you can find him not guilty."

We hold that it is error to charge the jury that if they think the defendant guilty they can so find. They must believe him guilty to a moral certainty before they can

convict. The court then says: "That if they do not believe him guilty they can find him not guilty." It should be belief in both instances, and an instruction to a jury that they have only to think him guilty, must mislead. It is contended that the court erred in his charge in regard to reasonable doubt.

First. In not explaining to the jury what is meant by reasonable doubt.

Second. In not charging the jury that they must give him the benefit of the doubt, instead of, as charged, that they can give him the benefit of the doubt.

The court erred also in giving the fifth instruction asked for by the State, which is: "That a person who claims land which is in the possession of another is not allowed by the law to forcibly drive the party out of possession; that a belief in the mind of the accused that he had a legal right to the possession neither justifies nor excuses the destruction of any property belonging to the other party on the land in dispute."

The gist of the offence is malice. If the party did it under the belief that he was justifiable, or had the right, malice cannot exist, and this fifth instruction must have misled the jury, for while the evidence in this case is not a part of the bill of exceptions the fact that the court gave this instruction tends to show that that was one of the defences of the defendant.

The court erred in the third instruction to the jury, which reads as follows:

"That the value of the property is not a question for the consideration of the jury, the gist of the offence being the willful or malicious burning or destruction of the property as charged in the indictment without regard to its value."

The value of the property destroyed, while not the gist

of the offence under the statute, is an element which can properly be considered by the jury like any other piece of testimony, as affecting the malice of the offence.

The defendant claims that the misuse of language in the charge, and the errors in the instructions asked, deprived the defendant of such an investigation by the jury as the law contemplates, for it must be certain that that moral certainty which the jury must have before they convict, was never properly given to the jury, and that those elements that would have created or could have created a doubt in the minds of the jury were withheld from their consideration under the Judge's charge.

And the Supreme Court, in construing the charges, should be governed by the principle laid down in Thomson, on charging the jury, (p. 172,) " where there is a misdirection it must be morally certain that it did not mislead the jury in order to justify the court in refusing a new trial."

*The Attorney-General* for Defendant in Error.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

At the December term of the Circuit Court, held in and for the county of Orange, in the year 1883, William Heron, (and then others, as being present, aiding and abetting him,) was indicted for willfully and maliciously burning and destroying a pile of lumber, the property of W. D. Gunning.

On motion a severance was ordered, the defendant, Heron, pleaded not guilty, and the case was tried, and a verdict of guilty was found by the jury. The defendant's counsel moved for a new trial, which was refused by the court and sentence was pronounced.

The defendant brings the case here on a writ of error.

The bill of exceptions does not bring up the evidence upon the trial, but only exceptions taken to the charge of the court.

The charge of the court was as follows: "The defendant, Wm. Heron, is indicted for willfully and maliciously burning a pile of lumber, the property of another, to-wit: the property of W. D. Gunning. The law under which the accused is prosecuted is, ' whoever willfully and maliciously burns, or otherwise destroys or injures a pile or parcel of wood, boards, timber or other lumber, or any fence, bars or gate, or stack of grain, hay or any vegetable product severed from the soil and not stacked, or any standing trees, grain or other standing product of the soil, or the soil itself, of another, shall be punished by confinement in the penitentiary, or by fine and imprisonment in the county jail.' The law makes you the judge of the testimony. If, from the testimony, you think the defendant guilty as indicted for violating the law as read to you, you can find him guilty. If, from the testimony, you do not believe him guilty, you can find him not guilty. If you have any reasonble doubt as to his guilt in violating the law, you can give him the benefit of such doubt, but it must be a reasonable doubt as to his guilt from your examination of the testimony. The law makes the offence to consist of its being done willfully and maliciously, which you will determine from the testimony."

This entire charge, as so delivered by the court, was excepted to by the defendant's counsel. This court has frequently said that " a general exception applies to the whole charge, and if there be any part of the charge which is correct, the exception fails." " An exception, to be available on review, must be to a separate, particular and specific portion of the charge." John D. C. vs. State, ex rel., 16 Fla., 554; Dupuis vs. Thompson, ib., 69.

We do not, however, see any error in the charge. The words " think " and " can," criticised by counsel, are, as we think, not inclined to mislead the jury in their consideration of the evidence.

The State's attorney asked the court to charge the jury as follows:

1. " That the jury cannot take into consideration any matter not found in the testimony ; that the verdict must be founded strictly upon the law and the evidence.

2. " That the value of the property is not a question for the consideration of the jury, the gist of the offence being the willful and malicious burning or destruction of the property as charged in the indictment, without regard to value.

3. "That in cases charging the willful and malicious burning of property, it is not necessary for the State to prove that any one saw the defendant apply the torch to the property burned, but the fact of such burning and destruction may be proved by the facts and circumstances attending the case, or, in other words, by what is called circumstantial evidence.

4. " That the malice may be proved from the feelings and sentiments of the defendant towards the person whose property is destroyed, as developed by the testimony.

5. " That a person who claims land, which is in the possession of another, is not allowed by the law to forcibly drive the party out of possession ; that a belief in the mind of the accused that he had a legal right to the possession, neither justifies nor excuses the destruction of any property belonging to the other party on the land in dispute.

6. " That the jury cannot take into consideration the pen-

alty affixed to the crime. The penalty is a matter of law and solely within the province of the court."

The foregoing instructions were all given to the jury by the court. The record then says the " counsel for the defendant excepts to the above instructions." This is an exception to the body of the instructions as a whole, not singling out any one or more of the propositions thus presented, and therefore comes under the rule of the court as is above pronounced. Notwithstanding that, we see no error in the propositions so made by the State's attorney and charged by the court. The verdict must be founded strictly upon the law and the evidence. The value of the property is not a question for the consideration of the jury, but the willful and malicious destruction of the property as charged in the indictment, without regard to its value, is the question. That destruction may always be proved by circumstantial evidence satisfactory to the jury ; such malice may also be proven by evidence satisfactory to the jury. That a person claiming land which is in possession of another is remitted to his action at law or in equity to recover the possession, and that he cannot forcibly take possession, and that he cannot resort to destruction of property on the land to recover possession, and that the jury cannot take into consideration the penalty affixed to the crime, are propositions well settled and cannot be controverted.

No evidence as taken on the trial is brought to this court, and we therefore conclude it was sufficient to warrant the finding of the jury.

The judgment is affirmed.