## T. Ben Brown, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

Criminal Law—Jurors—Exemption From Jury Service Not a Disqualification—Voir Dire Examination—Order of Introduction of Evidence—Presumption of Sanity.

. Section 1 of Chapter 4122, laws approved June 2d, 1893, makes all male persons who are over the age of twenty-one years and citizens of Florida, and who have resided in said state for one year, and in their respective counties for six months, *qoalified* for service as jurors, except those who have been convicted of certain therein enumerated crimes. The *exemption* from jury service extended by Section 1150, Revised Statutes, to persons over the age of sixty-five years, does not have the effect of *disqualifying* such persons for such service, but it is a *personal privilege* merely to the juror himself, of which he can avail himself or not at his discretion, and if he sees proper to waive the privilege, his age furnishes no legal ground of challenge for cause.

2. Inquiries on the voir dire examination of a juror touching his knowledge of *the law* of the case, and as to whether he is willing or not to apply such law without instructions thereon from the court, are improper and can never be made a test of a juror's competency.

3. Where a talesman on his voir dire examination answers that he had formed an opinion of the case from rumor, but that it was not a fixed opinion, and would yield readily to testimony, and that he could try the defendant solely upon the sworn testimony, and that he did not think the opinion he had formed would have any effect upon him, and that he could give the defendant a fair and impartial trial and render a verdict solely upon the testimony that he heard as a juror, notwithstanding the opinion he had formed, he is a competent juror.

4. Trial courts are entrusted with a discretion in regard to the order of the introduction of evidence and the examination of witnesses. This discretion should be exercised in furtherance of justice; and it must be a strong case, showing that injustice has been done, and that a sound discretion has not been exercised, that will induce an appellate court to disturb the judgment of the trial courts by revising the exercise of that discretion in regard to the relaxation of the rules for the admission of evidence.

5. Sanity being the normal and usual condition of mankind, the law presumes that every individual is in that condition, hence the State in a criminal prosecution may rest upon such presumption without other proof relative thereto. The fact of sanity is presumed to exist *prima facie*, and whoever denies such fact or interposes a defense based upon its untruth, must prove it. The burden of overthrowing the presumption of sanity is upon the person who alleges insanity.

Writ of Error to the Circuit Court for Pasco County.

The facts in the case are stated in the opinion of the Court.

*Thomas Palmer*, for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error, T. Ben Brown, was indicted at the Fall term, 1896, of the Circuit Court for Pasco county for murder in the first degree of one John S. Weir. He was tried a year later at the Fall term, 1897, of said Circuit Court, and convicted of manslaughter, and sentenced to imprisonment in the penitentiary, and on March 21st, 1898, sued out a writ of error from such judgment to the present June term of this court.

A talesman on the *voir dire* examination when questioned as to his age by the defendant's counsel answered that he was sixty-seven years of age. Thereupon the defendant's counsel challenged him for cause, upon the ground that his age disqualified him as a juror. The challenge was overruled and the defendant excepted. This ruling constitutes the first assignment of error. There was no error in this ruling. Section 1 of Chapter 4122, laws approved June 2nd, 1893, provides that "Grand and petit jurors shall be taken from the male persons above the age of twenty-one years who have resided in this State for one year, and in their respective counties for six months, and who are citizens of the State of Florida; but no person who shall have been convicted of bribery, forgery, perjury, larceny, or other high or infamous crime, unless restored to civil rights, shall be permitted to serve as a juror." Section 1150 Revised Statutes *exempts* various persons and classes, otherwise entirely *qualified*, from jury service, among them, "All persons more than sixty-five years of age, and all persons subject to any bodily infirmity amounting to disability." The exemption from jury service given by this law to the person who is over six-five years of age does not have the effect of *disqualifying* the subject of it for such service or of rendering him *incompetent* to serve as such, but it is a *personal privilege*

merely to the juror himself, of which he can avail himself or not at his discretion, and if he sees proper to waive the privilege it furnishes no legal ground of challenge for cause. Mulcahy v. The Queen, L. R. 3 Eng. & Irish App. Cases, 306; Moore v. Cass, 10 Kan. 288; State v. Wright, 53 Me. 328; State v. Forshner, 43 N. H. 89, S. C. 80 Am. Dec. 132; Booth v. Commonwealth, 16 Gratt. 519; Breeding v. State, 11 Tex. 257; Blount v. State, 30 Fla. 287, 11 South. Rep. 547; Lambright and Stevens v. State, 34 Fla. 564, 16 South.Rep. 582. The cases of Kitrol v. State, 9 Fla. 9, and Ladd v. State, 17 Fla. 215, on the same subject, were proper constructions of statutes then in force, but that have long since been repealed.

A talesman on the *voir dire* examination on being asked by the defendant's counsel if he would give the defendant the benefit of every reasonable doubt arising from the evidence, replied that he would if the court said so. He was then asked by defendant's counsel if he would give the defendant the benefit of every reasonable doubt anyway if the court should fail or neglect to instruct him so to do, and he replied that he did not know whether he would or not. Defendant thereupon challenged the juror for cause, which challenge the court overruled. This ruling is assigned as the second error. There is no merit in this assignment. The juror in response to the first question properly responded that he would follow the court's instructions on the law of the case by giving the defendant the benefit of reasonable doubts if the court so stated the law to be. It was carrying the *voir dire* examination of jurors beyond all proper limits to go into further inquiry as to whether the juror would of his own accord, observe the law of the case whether such law were given him in charge by the court or not. Whether a juror has knowledge of

the law of a case, and is or is not willing to apply such law without instructions thereon from the court, can never be made a test of his competency.

A talesman on the *voir dire* examination answered that he had formed an opinion of the case from rumor, but that it was not a fixed opinion, and would yield readily to testimony; that he could try the defendant solely upon the sworn testimony, and that he did not think the opinion he had formed would have any effect upon him, and that he could give the defendant a fair and impartial trial and render a verdict solely upon the testimony that he heard as a juror, notwithstanding the opinion he had formed. He was thereupon challenged for cause by the defendant, but the court overruled such challenge, and such ruling is assigned as the third error. There was no error here. The juror was competent as is abundantly sustained in Andrews v. State, 21 Fla. 598; Olive v. State, 34 Fla. 203, 15 South. Rep. 925; Lambright and Stevens v. State, 34 Fla. 564, 16 South. Rep. 582.

At the close of the testimony for the defendant, upon his resting his defense, the State Attorney announced his desire to recall Mrs. T. Ben Brown, the wife of the defendant, who had testified on behalf of the defense, for the purpose of cross-examining her further in pursuance of her direct examination, but finding that she had left the court for her home, the State consented to proceed with its rebuttal testimony reserving the right to question her upon her return to the court room. After the State had thus introduced other evidence in rebuttal, it recalled Mrs. Brown to the stand, and cross-examined her as follows:

"Q. This morning or this afternoon you were testifying that at one time your husband took your child

and went with him to Dr. Wallace's and staid out with him until late at night; did I understand you to say that Mr. Brown was drunk? A. I don't know.

Q. You don't know whether he was drunk or not? A. No, sir.

Q. Do you know Mrs. T. J. Howard? A. Yes, sir.

Q. On the morning after that did you not state to her at her house, nobody being present but one of her children, that Mr. Brown had been on one of his sprees, and was drunk the night before?" Counsel for defendant objected to this question as immaterial, improper and irrelevant, and because the State cannot have any right after the defense has rested his case to recall a witness for the defense for the purpose of impeachment. The court overruled the objection, and this ruling is assigned as the fourth error. There was no error in this ruling. The entire testimony of this witness consisted of a detailment of instances of queer and abnormal acts and behavior on the part of the defendant on divers times and occasions, the purpose of which was to sustain his plea of insanity. The effort of the State in rebuttal was to show that all of such unique performances on the part of the defendant was attributable to drunkenness instead of insanity. From this standpoint the question objected to was entirely proper, relevant and material. As to that phase of the objection touching the time and order in which the cross-examination of the witness was allowed, it is well settled here, as elsewhere, that trial courts are entrusted with a discretion in regard to the order of introduction of evidence and the examination of witnesses, and that this discretion should be exercised in furtherance of justice; and that it must be a strong case, showing that injustice has been done, and that a sound discretion has not been exercised, that would induce an appellate court to disturb the

judgment of the trial courts by revising the exercise of that discretion with which they are entrusted in regard to the relaxation of the rules for the admission of evidence. Coker and Scheiffer v. Hayes, 16 Fla. 368; Burroughs v. State, 17 Fla. 643; Ortiz v. State, 30 Fla. 256, text 271, 11 South. Rep. 611; Brown v. Burrus, 8 Mo. 26; Freleigh v. State, Ibid, 606. We see no abuse of the discretion here.

The court, among other things, charged the jury as follows: "Crimes can only be committed by human beings who are in a condition to be responsible for their acts, and upon this general proposition the State holds the affirmative, and the burden of proof is upon it. Sanity being the normal and usual condition of mankind, the law presumes that every individual is in that state, hence the State may rest upon the presumption without other proof. The fact is deemed to be proven *prima facie*. Whoever denies this, or interposes a defense based upon its untruth, must prove it. The burden not of the general issue of crime by a competent person, but the burden of overthrowing the presumption of sanity, and of showing insanity is upon the person who alleges it; and if evidence is given tending to establish insanity then the general question is presented to the jury, whether the crime, if committed, was committed by a person responsible for his acts, and upon this question the presumption of sanity and the evidence are all to be considered, and the State holds the affirmative, and if a reasonable doubt exists as to whether the prisoner is sane or not, he is entitled to the benefit of the doubt and to an acquittal." This charge, that was excepted to, and is assigned as the fifth and last assignment of error, is in accord with the former rulings of this court, and states the law correctly.

Hodge v. State, 26 Fla. 11, 7 South. Rep. 593; Armstrong v. State, 27 Fla. 366, 9 South. Rep. 1, and authorities cited; Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618.

The evidence in the record fully sustains the verdict rendered; and, finding no errors, the judgment of the Circuit Court is hereby affirmed.