McCoggle v. State.—Syllabus.

---

PETER McCOGGLE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Appellate Practice—Exceptions—Assignments of Error—Order of Evidence—Reasonable Doubt—Presence of Accused at Trial.

1. Where a single general exception is made to embrace two or more instructions given upon different propositions of law, such exception is not available before an appellate court if any one of the instructions embraced therein is correct.

2. When an assignment of error is predicated upon the giving, or refusal to give, more than one instruction, asserting distinct propositions of law, an appellate court will go no further in the consideration of such an assignment after it has ascertained that the court correctly gave, or refused to give, any one of the instructions thus aggregated in the single assignment of error.

3. The court refused to give the following instruction on reasonable doubt: "If the jury are not satisfied beyond a reasonable doubt, to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of the defendant's guilt, they should find him not guilty. And it is not necessary to raise a reasonable doubt that the jury should find from all the

evidence a probability of the defendant's innocence, but such a doubt may arise even when there is no probability of his innocence in the testimony. And if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty:" *Held,* That its refusal was not error, because it is too involved and calculated to confuse and mislead.

4. Trial courts have a broad discretion in directing the course of a trial, and over the order of the introduction of evidence, and the examination of witnesses; and the exercise of this discretion will not be reversed except in cases of abuse. *Held,* That it was no abuse of such discretion to permit the State Attorney to recall, for further cross-examination, a witness for the defense who had been examined in chief, cross examined and dismissed from the witness stand, and this after other witnesses for the defense had been examined.

5. When the record shows that the defendant was personally present in court when the taking of evidence was concluded, when the arguments of counsel were in progress, and at the time of the retirement of the jury to consider their verdict, and that the verdict was rendered on the same day, without any recess of the court being shown in the mean time, the presumption is that the defendant continued to be and was present at the rendition of the verdict.

Writ of error to the Circuit Court for Madison county.

The facts in the case are stated in the opinion of the court.

*C. J. Hardee,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

TAYLOR, C. J.:

The plaintiff in error was indicted, tried and convicted at the Fall term, 1898, of the Circuit Court of

Madison county of the crime of murder of one Will Smith,. and, upon the jury's recommendation to mercy, was sentenced to imprisonment in the penitentiary for life, from which sentence he takes writ of error.

The errors assigned are as follows:

1st. The verdict of the jury was contrary to the evidence and the weight of evidence.

2nd. The verdict of the jury was contrary to law.

3rd. The verdict was contrary to the charge of the court.

4th. The court erred in giving those portions of its charge marked 1, 2, 3, 4, 5 and 6 herewith filed, marked 1, 2, 3, 4, 5 and 6.

5th. The court erred in refusing to give charge No. 1, at the request of defendant's attorney, a copy of which is herewith filed, marked No. 1.

6th. The court erred in allowing the State Attorney, over defendant's objection, to call J. W. Bishop, a witness for the defendant, back to the witness stand and cross him after he had given his testimony in chief, had been crossed by the State Attorney to his satisfaction, and had been excused from the witness stand and a number of other witnesses examined.

7th. The court erred in overruling defendant's motion for a new trial on the grounds set forth therein.

8th. There was never an indictment filed in open court against the defendant.

9th. The defendant was not present in court during the entire trial.

10th. The defendant was not present in court when the jury came into court and rendered their verdict in the cause.

11th. The jury that tried the case was not sworn according to law.

The eighth assignment of error is not argued or presented here and will consequently be treated as abandoned, as indeed it should have been, since the record before us shows that it is unfounded in fact. The other assignments of error will be discussed in the order in which they are presented in the briefs of counsel for the plaintiff in error.

It is first contended that the evidence is not sufficient to sustain the verdict of conviction. There was serious conflict between the evidence of the witnesses for the prosecution and those for the defense, but we can not say that there was such a preponderance of evidence in favor of acquittal as would justify us in declaring that the verdict of conviction found was induced by influences *dehors* the evidence, or that the jury in arriving at such verdict went out side the bounds of their legitimate province of reconciling conflicts in the evidence or in adjudging the credibility of the witnesses. The testimony for the State sustains the conviction; the jury, by their verdict, seem to have given credence to it, and to have disbelieved that of the defense that was in conflict with it. Under these circumstances, and in the absence of any such overwhelming preponderance in the evidence for the defendant as would lead reasonably to the conclusion that the verdict was induced by influences outside of the evidence, an appellate court can not properly upset the jury's finding, or the trial judge's refusal to disturb it on the motion made for new trial. Green v. State, 17 Fla. 669; Williams v. State, 20 Fla. 391; Browning v. State, 41 Fla. ——, 26 South. Rep. 639.

The fourth assignment of error is as follows: "The court erred in giving those portions of its charge marked 1, 2, 3, 4, 5 and 6, herewith filed marked 1, 2, 3, 4, 5 and 6." These instructions were not excepted to at the time

they were given, but were excepted to as provided for by Section 1092, Rev. Stats., by being made a ground of the defendant's motion for a new trial. The single ground of the motion for new trial embracing them is in exactly the same form as the above quoted assignment of error thereon, and must be regarded as a *single general exception.* Referring to the record for the charges thus excepted to, we find that the single general exception thus made embraces six several instructions upon different propositions of law. The well-settled rule here is that where the charge of the court to the jury embraces several distinct propositions, a single general exception to the charge so given is not available if any one of the propositions is correct. Depuis v. Thompson, 16 Fla. 69; Heron v. State, 22 Fla. 86; Baker v. Chatfield, 23 Fla. 540, 2 South. Rep. 822; John D. C. v. State *ex rel.* Julia V. H., 16 Fla. 554; Jenkins v. Lykes, 19 Fla. 148, S. C. 45 Am. Rep. 19; Burroughs v. State, 17 Fla. 643; Carter v. State, 20 Fla. 754. Again, all of these several instructions are embraced in a single assignment of error. We have said in the case of Eggart v. State, 40 Fla. 527, 25 South. Rep. 144, that "the rule is quite generally settled that an assignment of error made to embrace allegations of error in the giving or refusal to give more than one instruction asserting distinct propositions is entirely insufficient, and that the appellate court in its consideration will go no further after it has ascertained that there was no error in giving or refusing to give any one of the instructions thus aggregated under the one assignment." Governed by these rules we find the following instruction embraced in this assignment of error to be correct: "No mere words, no matter how insulting or aggravating, justly an assault, even by an unarmed man, much less do such

34

words justify a deadly assault with a dangerous and deadly weapon such as a pistol is when loaded with powder and ball." And the assignment of error must be held to have failed.

The defendant's attorney requested the court to give the following instruction, which was refused: "If the jury are not satisfied beyond a reasonable doubt, to a moral certainty, and to the exclusion of every other reasonable hypothesis but that of the defendant's guilt, they should find him not guilty. And it is not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of the defendant's innocence, but such a doubt may arise even when there is no probability of his innocence in the testimony. And if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty." The refusal of this instruction was excepted to and is urged as error. This formula of instruction was approved by the Supreme Court of Alabama in the case of Bell v. State, decided at the June term, 1897, 22 South. Rep. 526, but was subsequently repudiated by the same court in the case of Henderson v. State, decided in February, 1899, 25 South. Rep. 236, as being too involved and calculated to confuse and mislead. We do not think the court erred in its refusal, and agree with the criticism made of it in the case last cited from Alabama. It is artfully worded, but greatly calculated to confuse and mislead the jury.

After J. W. Bishop, a witness for the defendant, had been cross-examined by the State Attorney and dismissed from the witness stand, and after other witnesses for the defendant had been examined, the court, over the defendant's objection, permitted the said Bishop to be recalled for further cross-examination by

the State Attorney; and upon such cross-examination over the defendant's objection, permitted the State Attorney to interrogate the said Bishop as to whether, in reply to an inquiry made of him by one Armstrong, the sheriff of Madison county, he did not tell said sheriff that he did not know defendant's whereabouts; and whether he, the said Bishop, was not afterwards informed by Arnold McCoggle, a brother of the defendant, that the defendant was in Lowndes county, Georgia; and whether he, the said Bishop, had not failed to inform the said sheriff of the defendant's whereabouts after having learned it from Arnold McCoggle. The recall of this witness for further cross-examination is assigned and urged as error. There was no error in permitting the witness to be recalled for further cross-examination. Trial courts have a broad discretion in directing the course of a trial, and the order of the introduction of evidence, and the examination of witnesses, and this discretion will not be reviewed except in cases of abuse. Brown v. State, 40 Fla. 459, 25 South. Rep. 63; Continental Insurance Co. v. Delpeuch, 82 Pa. St. 225; Cummings v. Taylor, 24 Minn. 429; Commonwealth v. McGorty, 114 Mass. 299; 3 Rice on Ev., §211.

It is next contended that the record does not show that the defendant was personally present in court when the jury rendered their verdict. The record shows that the defendant was personally present when the taking of evidence was concluded, when the case was argued to the jury, and at the time of the retirement of the jury to consider of their verdict, then the record recites that on the same day the jury came into court and rendered their verdict without any express mention of the fact that the defendant was then personally present in court. From this the presumption follows that the

defendant was present at the rendition of the verdict. The entry in the record before us does not show that any recess was taken by the court between the retirement of the jury and the rendition of the verdict, or that the defendant did not continue his presence in court shown by the record to have existed when the jury retired, and the jury is shown to have rendered their verdict on the same day that they retired to consider the case. Palmquist v. State, 30 Fla. 73, 11 South. Rep. 521, and cases cited; Burney v. State, 32 Fla. 253, 13 South. Rep. 406; Irvin v. State, 19 Fla. 872.

The eleventh assignment of error is abandoned here.

Finding no error, the judgment of the court below is affirmed.