J. D. EASTERLIN, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal law—Pleas in abatement—Continunce—Affidavit for—Signing instructions—Assigning error on charges generally—Chapter 4766 laws of 1899 construed.

1. The settled rule is that a plea in abatement is a dilatory plea, and must be pleaded with strict exactness, and must be certain to every intent.

2. Under the provisions of Chapter 4766, laws approved May 26th, 1899, abolishing the County Court of Alachua county, no formal certificate of transfer was necessary to remove causes formerly within the jurisdiction of such abolished court to other courts having jurisdiction to try them. Said act *proprio vigore* effected such transfers without any other formality.

3. The refusal of an application for continuance predicated on the absence of a witness cannot be adjudged erroneous when the affidavit filed in support of such application omitted to state "that the applicant expects to procure said testimony at the next term."

4. The signing of charges by trial judges is a formal statutory requirement that may be waived by a defendant, and a failure until after verdict to except to an omission or refusal to sign them is equivalent to a waiver or such statutory requirement.

5. Where a charge is assigned as error, and where such assignment cannot be said to have been entirely abandoned, but the appellate court sees that it is in good faith insisted upon in the briefs, and that it is erroneous and prejudicial to the defendant, it is proper for such court to adjudge the error therein and to reverse the judgment, even though the defendant's counsel in his argument or brief failed to point out with accuracy the real ground upon which it is erroneous. (Carter, J. dissents.)

6. The settled rule here is that where a single general assignment of error is made to embrace refusals to give more than one instruction asserting distinct propositions of law, an appellate court will go no further into the consideration of such an assignment after ascertaining that the trial court correctly refused any one of the several instructions thus aggregated in the single assignment of error.

7. The following instructions: "If the jury believe from the evidence that at the time and place named in the information, C. B. Easterlin, John Easterlin and J. D. Easterlin, assaulted L. C. Gracy; that at the time of the assault either one of them was armed with a pistol which was a deadly weapon, and that either one of them assaulted Gracy with said pistol, then J. D. Easterlin is guilty, whether he was the person who actually handled the pistol or not, for the act of one was the act of each, and the jury should find the defendant, J. D. Eaterlin, guilty." *Held* to be erroneous because of its omission of the principle that the parties named therein, in order to be chargeable in law for the acts of each

other, must have been acting in pursuance of a conspiracy or agreement formed between them previously or at the time to consummate the unlawful common design or purpose.

Writ or error to the Circuit Court for Alachua County.

The facts of the case are stated in the opinion of the Court.

*B. A. Thrasher,* for plaintiff in error.

*William B. Lamar,* Attorney-General, for the State.

TAYLOR, C. J.

Upon an information filed by the county prosecuting attorney in the County Court of Alachua county on the ninth day of January, 1899, the plaintiff in error was tried and convicted of the crime of aggravated assault in the Circuit Court of said county in May, 1901, and comes here by writ of error.

To the information the defendant plead in the Circuit Court in abatement as follows: "That the court ought not to further prosecute this cause against him because he says that said information has been altered and changed by the erasure and interlineation of word or words since the filing of same; and because this court has no jurisdiction of this case, the same being prosecuted on information purporting to have been filed in the county court of Alachua county, Florida, on January 9th, 1899, the same never having been transferred to this court in the manner required by law; there being no such certificate as required by law for said transfer as said pretended certificate has

no caption, and is not entitled in any court, and has no seal of the court from which it purports to have come, neither does the clerk's signature to same show for what court he is clerk, and said pretended certificate of transfer giving the style of the case as The State of Florida vs. J. D. Easterlin and C. B. Easterlin—aggravated assault, while the information here in this court under which this defendant is now held and pleads is stated as follows: State of Florida vs. C. B. Easterlin, J. D. Easterlin; John Easterlin—Aggravated Assault. And because on the day and time of the pretended transfer of said case and the making of said pretended certificate of transfer, to-wit: November 1, 1899, there was no county court in Alachua county, Florida."

Attached to said plea as an exhibit thereto was the following copy of the certificate mentioned therein:
"State of Florida)

vs.

J. D. Easterlin, ) Aggravated Assault.

C. B. Easterlin. )

Under and by virtue of the provision of the laws of Florida of 1899, Chapter 4766, I, as clerk of the county court of Alachua county, Florida, do hereby transfer the above entitled cause to the Circuit Court of Alachua county, Florida, being the court having jurisdiction of said cause.

(Signed) H. C. DENTON,

County Clerk.

Filed November 1st, 1899.

(Signed) H. C. DENTON, Clerk Cir. Court."

To this plea the State by its attorney demurred upon the following grounds: 1st. Because the said plea does not charge in what way or manner the information was erased or changed.

2nd. Because it is immaterial whether or not the county court had ceased to exist on November 1st, 1899.

3rd. Because the said plea and every part thereof is vague, indefinite and insufficient in law."

The Circuit Judge sustained this demurrer and this ruling is assigned as error. There was no error in this ruling. That feature of the plea that alleged alterations, interlineations and erasures in the information subsequently to its filing is bad on demurrer because of its failure to point out specifically what the alleged alterations, interlineations and erasures were, and because of its failure to show that such alterations were material. The settled rule is that a plea in abatement is a dilatory plea, and must be pleaded with strict exactness, and must be certain to every intent. O'Connell v. Queen, 11 Cl. & Fin. 155; State v. Brooks, 9 Ala. 9; Dolan v. People, 64 N. Y. 485; Reeves v. State, 29 Fla. 527, 10 South. Rep. 901; Hodge v. State, 29 Fla. 500, 10 South. Rep. 556; Woodward v. State, 33 Fla. 508, 15 South. Rep. 252; Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182; Shepherd v. State, 36 Fla. 374, 18 South. Rep. 773; Tervin v. State, 37 Fla. 396, 20 South. Rep. 551.

That feature of the plea that questions the jurisdiction of the Circuit Court to try the defendant on the information filed in the county court by the county prosecuting attorney, upon the ground of a alleged defective and informal certificate of transfer of the cause made by the clerk of the county court, is without merit. By the provisions of section 18 of Article V of our constitution the establishment and abolition of county courts is entrusted to the will of the legislature. By Chapter 4217 laws, approved May 24th, 1893, a county court was established in Alachua county. Said Chapter 4217 was subsequently repealed by

Chapter 4766 laws, approved May 26th, 1899, and said county court abolished. By section two of the latter repealing act it is provided as follows: "That all suits pending and undetermined in said court at the time this act shall go into effect, and all judgments of said court unsatisfied shall be transferred by the clerk of said county court to the court having jurisdiction of said causes, and said courts shall have the power to try and determine said cause and issue executions upon all judgments recovered therein or hereby transferred to said courts, and to do all things necessary and proper for complete determination of said causes." Section three of said act provides further as follows: "That all causes disposed of by the several justices of the peace of Alachua county and by the judge of the Circuit Court shall be as lawful and binding as if said causes had been commenced in their respective courts." And section four of said act provides that "this act shall go into effect on and after November 1, 1899." It will be observed from these provisions that no *certificate of transfer* is required of the causes pending in said abolished county court, but it is made the duty of the clerk of said whilom county court simply to transfer said causes to the respective courts that are the jurisdictional heirs thereof. By such transfer is meant simply that all the records, papers and proceedings appertaining to said causes shall be transmitted to and lodged with or in the respective courts falling heir to them. By section 15 of Article V of our constitution the clerk of the Circuit Court became the clerk also of such county court upon its establishment, and as he is the legal custodian of the records and proceedings of the Circuit Court, upon the abolition of this county court no formal transfer by means of any certificate from him became at all necessary to the

exercise by the Circuit Court of jurisdiction over any cause theretofore pending in such abolished county court over which the Circuit Ciurt would by law have jurisdiction in the absence of a county court, but the act abolishing such county court of itself effected a transfer of jurisdiction.

Before entering upon the trial the defendant moved upon his own affidavit for a continuance of the cause on the ground of the absence of a witness for his defence. This application was denied, and such ruling is assigned as error. The established rule here is, that applications for continuances are addressed to the sound discretion of the trial judge, and that his ruling thereon will not be disturbed by the appellate court unless it clearly appears that he has abused his judicial discretion therein to the disadvantage of the accused. Ballard v. State, 31 Fla. 266, 12 South. Rep. 865, and cases cited. In the cases of Harrell v. Durrance, 9 Fla. 490, and Gladden v. State, 12 Fla. 562, where the facts necessary to be sworn to in order to procure a continuance are formulated, it is held that such affidavit, among other things, must show that the applicant expects to procure said testimony at the next term. The affidavit of the defendant on this application omitted to state this requisite fact. Besides this it is shown from the ruling of the judge upon said motion that the defendant's subpoena for said witness had been issued only the day before the motion was presented. while the case had been pending in the Circuit Court for several terms prior thereto. Under these circumstances we can not see that the Circuit Judge abused his discretion in denying the application for continuance.

The third assignment of error is the denial of the defendant's motion for a new trial. This motion was

upon the following grounds : 1st. Because the court erred in overruling the motion for a continuance in above cause on affidavit filed in support of said motion by the defendant.

2nd. Because the court erred in not signing and sealing the instructions asked for in behalf of the defendant.

3rd. Because the court erred in giving into the hands of the jury the charges given and also those refused, for them to carry to the jury room with them.

4th. Because the court refused to give the tenth instruction asked for by the defendant, and neglected and refused to sign or seal the same, and failed to mark and sign the same as given or refused.

5th. Because the court erred in giving the fifth instruction in behalf of the State, to-wit: "The offence charged in this information is a misdemeanor, and in misdemeanors there are no degrees of criminality—*viz*: there are no distinctions of principal in the first and second degrees, no accessories. If three men are concerned in the committing of an aggravated assault, all being present and aiding or abetting each other in some way in committing the offence, and one of them strikes the person assaulted with a deadly weapon, the act of striking is the act of all of them; they are all agents of each other, and the act of one is the act of all; and the party assaulted can with perfect propriety, and without any violation of law, swear that he was assaulted and struck by them all."

6th. Because the court erred in giving that portion of charge numbered five in behalf of the State, which is as follows: "And the party assaulted can with perfect propriety and without any violation of law, swear that he was assaulted and struck by them all."

7th. Because the court erred in giving charge numbered eight in behalf of the State, which is as follows: "If the jury believe from the evidence that at the time and place named in the information C. B. Easterlin, John Easterlin and J. D. Easterlin assaulted L. C. Gracy, that at the time of the assault either one of them was armed with a pistol which was a deadly weapon, and that either one of them assaulted Gracy with said pistol, then J. D. Easterlin was guilty whether he was the person who actually handled the pistol or not, for the act of one was the act of each, and the jury should find the defendant J. D. Easterlin guilty."

8th. Because the court failed and neglected to give and define the different kinds or grades of assault, or to give all the law bearing on the charge or offence.

9th. Because the court failed to give the seventh, eighth, ninth and first and second charges asked for by defendant.

The first ground of this motion has already been disposed of in what has been said on the subject of the continuance applied for and refused.

The second ground of the motion complaining of the omission of the judge to sign and seal the instructions requested on behalf of the defendant can not avail him after verdict, unless such omission was excepted to before verdict. The signing (sealing, since the adoption of the Revised Statutes, no longer being necessary), of charges by trial judges is a formal statutory requirement that may be waived by the defendant, and a failure until after the verdict to accept to an omission or refusal to sign them, is equivalent to a waiver of such statutory requirement. If the omission of the judge is seasonably called to his attention at any time before the verdict is ren-

dered, he could then properly, and would probably in all
cases, supply the omitted formality.    Southern Express
Company v. Van Meter, 17 Fla. 783 (35 Am. Rep. 107),
explaining a seemingly contrary ruling in Baker v. State,
*ib*. 406; Jones v. Greeley, 25 Fla. 629, 6 South. Rep. 448;
Morrison v. State, 42 Fla. 149, 28 South. Rep. 97.    No
exception was taken here to the judge's failure to sign
the instructions until after verdict was rendered in the
motion for new trial, it was then too late to raise the
objection, and such omission can not, therefore, avail the
defendant here.

The third and fourth grounds of the motion are not
argued or insisted upon here in any way and are, there-
fore, abandoned.

The fifth and sixth grounds of the motion both ques-
tion the propriety of the fifth instruction given by the
court to the jury, and their discussion will be deferred
for the last.

The seventh ground of the motion questions the pro-
priety of the following charge numbered eight given by
the court to the jury: "If the jury believe from the evi-
dence that at the time and place named in the information
C. B. Easterlin, John Easterlin and J. D. Easterlin
assaulted L. C. Gracy, that at the time of the assault either
one of them was armed with a pistol which was a deadly
weapon, and that either one of them assaulted Gracy with
said pistol, then J. D. Easterlin is guilty. whether he was
the person who actually handled the pistol or not, for
the act of one was the act of each, and the jury should
find the defendant J. D. Easterlin guilty."    It is argued
in the briefs of counsel for plaintiff in error that this
charge and the one numbered five, particularly the last
clause of it, when taken together were misleading and

confusing under the circumstances of the case, and mis-
led the jury by naming part of the defendants only, the
court having charged in instruction numbered four that
J. D. Easterlin was the only person on trial.  The eighth
charge quoted above is erroneous and misleading because
of its omission of the principle that the parties named, in
order to be chargeable in law for the acts of each other,
must have been acting in pursuance of a conspiracy or
agreement formed previously or at the time between them
to consummate the unlawful common design or purpose.
Frank v. State, 27 Ala. 37.  While the charge was prop-
erly excepted to and is assigned as error and is insisted
upon as error here, the defendant's counsel has failed
in his argument upon it to assign the true reason why it
is erroneous and misleading, and the question has arisen
here whether it is proper for this court to consider the
charge from any other standpoint than that presented in
the briefs of counsel.  It is said in Southern Express Co.
v. VanMeter, 17 Fla. 783, text 796 (35 Am. Rep. 107),
where counsel had restricted their briefs to only part of
errors assigned, that "this is an abandonment of the other
errors assigned, and while it is within the power of the
court to look beyond the brief of counsel and to examine
other errors, still such is not the practice of appellate
courts thus to do, unless the record discloses a case of
want of jurisdiction, or the case is attended with peculiar
circumstances calling for such action."  This was said
in reference to an entire failure to argue assignments of
error, and in a case like the one under discussion, where
a charge is assigned as error, and where such assignment
can not be said to have been entirely abandoned, but the
court sees that it is in good faith insisted upon in the
briefs, and that it is erroneous and prejudicial to the
defendant, the majority of the court is of the opinion

that it is proper for the court to adjudge the error therein and to reverse the judgment, even though the defendant's counsel in his agument or brief has failed to point out with accuracy the real ground upon which it is errone-ous.

The eighth ground of the motion for new trial com-plains of the omission of the judge to define to the jury the different kinds or grades of assault, or to give all the law bearing on the charge or offence. This ground of the motion is not mentioned in the briefs of counsel and is, therefore, abandoned.

The ninth ground of the motion alleges error in the refusal to give the seventh, eighth, ninth, first and second charges requested by the defendant. This we can treat only as the grouping together in one general assignment of error of refusals to give several different instructions containing distinct propositions of law. The settled rule here is that where a single general assignment of error is predicated upon the refusal to give more than one instruction, asserting distinct propositions of law, an appellate court will go no further into the consideration of such assignment after ascertaining that the trial court correctly refused any one of the several instructions thus aggregated in the single assignment of error. Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734. Governed by this rule the court finds that the following charge, No. 9, requested was properly refused, *viz*: "That the jury have no right to disregard the testimony of the defend-ant on the ground alone that he is the defendant and stands charged with the commission of a crime. The law presumes the defendant to be innocent until he is proven guilty, and the law allows him to testify in his own

Easterlin v. State.—Opinion of Court.

behalf, and the jury should fairly and impartially consider his testimony together with all the other evidence in the case, and if from all the evidence the jury have a reasonable doubt whether the defendant made the assault as alleged, then you should give him the benefit of said doubt and acquit him." Lang v. State, 42 Fla. 595, 28 South. Rep. 856.

The fifth instruction given by the court to the jury was as follows: "The offence charged in this information is a misdemeanor, and in misdemeanors there are no grades of criminality—*viz*: there are no distinctions of principal in the first and second degrees, nor accessories. If three men are concerned in the committing of an aggravated assault, all being present and aiding or abetting each other in some way in committing the offence, and one of them strikes the person assaulted with a deadly weapon the act of striking is the act of all of them; they are all agents of each other, and the act of one is the act of all; and the party can with perfect propriety and without any violation of law, swear that he was assaulted and struck by them all." As the judgment must be reversed because of the error found in the eighth charge, it becomes unnecessary to decide whether this instruction is reversible error, but upon another trial the phrase embodied in the last twenty-three words thereof had best be omitted.

The fourth error assigned is the overruling of the defendant's motion in arrest of judgment. This motion questions the sufficiency of the information upon which the defendant was tried. There was no error here. The information, in so far as the defendant J. D. Easterlin is concerned, sufficiently charges him with the offence.

For the error found the judgment of the Circuit Court is reversed and a new trial ordered.

CARTER, J., *dissenting*.

The specific objections presented in the brief of counsel to the eighth instruction given at the trial are found by the court to be untenable, and in my judgment this ought to end our investigation of the assignment of error based upon this charge. In Southern Express Company v. VanMeter, 17 Fla. 783, text 796, 35 Am. Rep. 107, it is said that while it is within the power of the court to look beyond the brief of counsel and examine other errors, still such is not the practice of appellate courts unless the record discloses a case of want of jurisdiction or the case is attended with peculiar circumstances calling for such action; that our rule (then No. 15, now No. 21) requires that the brief shall contain the points of law and fact relied upon in argument with a reference to the authorities intended to be cited. In recent years the almost uniform practice of the court in civil and criminal cases has been to treat as abandoned all assignments of error not argued. Hayes v. Todd, 34 Fla. 233, 15 South. Rep. 752, and cases cited therein; Thomas v. State, 36 Fla. 109, 18 South. Rep. 331, and according to the ruling in the latter case, followed in Porter v. Parslow, 39 Fla. 50, 21 South. Rep. 574, where the brief of plaintiff in error contains simply a bare statement that a ruling is erroneous, no reasons being given, no principles of law stated and no authorities cited, an assignment of error based upon such ruling will be treated as abandoned for failure to argue same unless the error complained of is so glaring or patent that no argument is needed to demonstrate it. There can be no doubt that a party can waive errors committed against him, not jurisdictional in their character, and that by the practice of this court grounds of error not

assigned or not argued are regarded as waived. This principle has been frequently applied to entire assignments of error, as I have shown, and in Jordan v. Sayre, 24 Fla. 1, 3 South. Rep. 329, it is held that although a ruling upon demurrer involving several grounds is assigned as error generally, the court will treat as abandoned any ground of demurrer not argued, and consider only the points made and argument advanced in the brief. I am unable to see why a different rule should prevail in regard to an assignment based upon an instruction given. We review the action of the judge in the one case as well as in the other, and if the party complaining can waive a ground of demurrer by failing to argue it, he can waive a defect in the instruction by failing to suggest the defect in his brief. We have also in several instances declined to consider certain grounds of a motion to quash an indictment which were not noticed in the briefs, although embraced in the general assignment of error that the court erred in denying the motion to quash. There are no special circumstances in this case calling upon the court to go outside of the brief of counsel in search of grounds of error embraced in the assignment of errors but not insisted upon or even suggested to us by the party appealing. We should not undertake in every case to consider the propriety of instructions assigned as error from every standpoint presented by the facts of the case unaided by counsel who complains of the error and without even a suggestion as to the particular defect we may find as the result of our investigation. I do not believe our practice and rules of court regarding the structure of briefs require us to do this, but on the contrary I believe that they authorize and require us to confine our investigation to the particular points presented in argument

except under peculiar circumstances which do not exist here. Hereafter counsel need only argue that an instruction is erroneous in some particular view no matter how untenable, and this will put upon the court the labor and burden unaided by counsel of determining the propriety of the instruction from every standpoint, and that too to reverse a judgment, and not to affirm it. I think that the practice of the court as regulated by our written rules and decisions makes it incumbent upon the court to regard as waived all objections not suggested or argued, and does not require us to take up valuable time hunting for grounds of error not relied upon or suggested by the party appealing in order to reverse a judgment, that might be devoted to consideration of questions presented and argued in other cases awaiting our decision. The great increase in the cases appealed to this court in recent years demands that we rigidly adhere to the practice we have adopted to enable us to dispose of the business as rapidly as is consistent with our duty as judges, and I see no injustice in requiring plaintiffs in error to call to our attention by brief the points upon which he relies and to refuse to consider any other point not suggested except as I have stated. Elliott's App. Prac. § § 444, 445.