M. B. CHARLES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—ASSIGNING CHARGES *En Masse*—EVIDENCE INVOLVING OTHER CRIMINAL TRANSACTIONS—SUSPENDING COUNSEL DURING TRIAL—ORDER OF PROOFS.

1. Where a single general assignment of error is made to embrace refusals to give two or more instructions that assert distinct propositions of law, an appellate court will go no further into the consideration of such an assignment after ascertaining that any one of the several instructions thus aggregated was correctly refused. Such an assignment of error must prevail as an entirety or fail in toto.

2. In the trial of a defendant on the charge of aiding and abetting another in defrauding a bank, evidence tending to establish other and a continued series of fraudulent transactions of a similar character between the same parties is admissible.

3. It is improper for trial courts as a penalty for contempt of court by counsel pending a trial to deprive a defendant on trial for crime of the services of such counsel pending such trial by suspending such counsel. The proper practice in such a case is to defer the application of a penalty upon the offending counsel until after the close of the trial, and then to punish the contempt by fine or imprisonment, or by both such fine and imprisonment.

2—Vol. 58.

4.  The order and method for the submission of testimony to a jury is within the sound discretion of the presiding judge, and a new trial will not be granted because further evidence was permitted to be introduced after both sides had closed their evidence, and after the arguments of counsel had commenced, unless it be shown that the defendant was prejudiced thereby in some other way than by its mere irregularity.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record, Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error was charged by information filed in the Criminal Court of Record of Escambia County with the crime of being present with one George C. Scudamore aiding, inciting, abetting and assisting the latter as Cashier of the Pensacola Bank and Trust Company, a corporation, in drawing without authority and with intent to defraud a certain bill of exchange for $2,000 in the name of said Pensacola Bank and Trust Company as drawer on the Title Guarantee & Trust Co. of New York as drawee and payable to the order of said M. B. Charles. At the trial there was a severance, the plaintiff in error was convicted and sentenced and brings the case here for review by writ of error. The refusal of the defendant's motion for new trial constitutes the 2nd assignment of error. All the grounds of this motion that are insisted on here are comprised in separate assignments of error

that will be discussed in their order as presented, except the grounds of said motion questioning the sufficiency of the evidence to sustain the verdict, and this feature of the motion will be considered later on.

The defendant requested the court to give five several instructions, designated as 1, 2, 5, 11 and 12 all of which were refused, and these several refusals are grouped together and constitute the 3rd assignment of error.

It is settled law here that where a single general assignment of error is made to embrace refusals to give more than one instruction asserting distinct propositions of law, an appellate court will go no further into the consideration of such an assignment after ascertaining that the trial court correctly refused any one of the several instructions thus aggregated in the single assignment of error. In other words such an assignment must prevail as an entirety or fail as an entirety. McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734; Shiver v. State, 41 Fla. 630, 27 South. Rep. 36; Easterlin v. State, 43 Fla. 565, 31 South. Rep. 350, and cases cited. The first of these requested instructions peremptorily required the jury to acquit the defendant on the proofs. Even if error could properly be predicated on the refusal of the court to give such a charge in a criminal case, there was no error in its refusal here on the facts in proof, and under the rule above announced the 3rd assignment fails.

The 4th assignment of error questions the propriety of the admission of a conversation between one Jackson who was Teller of the bank attempted to be defrauded and the principal George C. Scudamore while the defendant Charles was not present. The witness testified that in checking up the exchanges drawn by the bank he noticed the check in question No. 767 to be missing and on enquiring about it G. C. Scudamore told him it had been spoiled and to so mark it on the register, which he did.

There was no reversible error in the admission of this evidence. The legitimate evidence in the case showed beyond a reasonable doubt a conspiracy between Scudamore and the defendant to defraud the Pensacola Bank & Trust Company out of the amount of the check in question, and under the circumstances the testimony of the witness as to what Scudamore said about the check being spoiled, although at the time the conspiracy may have terminated, was practically harmless, even if it was improperly admitted.

W. M. Ermey, a State witness, was permitted over the defendant's objection to compare the signature of the defendant on a hotel register that the witness saw him make, with the purported signature of the defendant on the back of the check in issue and to give his opinion that the two signatures were the same, and that they were very similar. This ruling constitutes the 6th and 8th assignments of error. There was no error in the admission of this evidence. It was nothing more than a proper comparison of writings before the court, and the opinion of the witness that the two signatures were made by the same hand.

The 13th assignment of error challenges the propriety of the admission of certain testimony by a State witness, one George F. Wentworth, in reference to a conversation between him and the defendant in reference to another check for $4,600 drawn by Scudamore in the name of said bank as drawer and payable to the Central Bank and Trust Company of New Orleans and delivered by Scudamore to the defendant without consideration. There was no error in the admission of this testimony, it tended to establish other and a continued series of shady transactions between Scudamore and the defendant by which the bank of which Scudamore was cashier was being fleeced

out of considerable sums without consideration or value received.

What is said above as to the 13th assignment of error applies as well to the 16th, 17th and 18th assignments of error, which must likewise fail.

The defendant's counsel endeavored to prove by the defendant as a witness certain declarations asserted to have been made to him by one W. J. Rice, a non-resident of Florida, with reference to the $4,600 check above mentioned, but objection thereto was sustained by the court and this ruling constitutes the 19th assignment of error. There was no error here. The proffered proof was purely hearsay. During the examination of the defendant as a witness on his own behalf the County Solicitor objected to a question propounded and after some argument of the objection withdrew the same, but the judge, notwithstanding the withdrawal of such objection, excluded the evidence, whereupon defendant's counsel stated: "We except to the court interposing objections on behalf of the State," and thereupon the judge said: "Do you mean Mr. Jones that I am making objections on behalf of the State?" To which Mr. Jones replied: "That's the way it seems to me your Honor." Thereupon, at one o'clock P. M. on March 20th, the judge adjudged the said attorney C. M. Jones to be in contempt and denied him the right to proceed any further as counsel in the case; but on the convening of court at nine o'clock the next morning the judge rescinded said order and permitted Mr. Jones to proceed as counsel in the case on behalf of the defendant. This temporary suspension of counsel is assigned as the 20th error. We think that if the reply of counsel to the court could properly have been adjudged a contempt of the court, the proper course would have been to defer the application of punishment therefor until after the close of the trial, and then to have administered punishment

in the shape of a fine or imprisonment or both, but to then and there suspend counsel from further participation in the trial of his client the defendant was beyond the power of the court, and might have vitally affected the defendant, who had no part in the supposed trespass upon the dignity of the court, but in the instant case we cannot see that the incident could at all injuriously have affected the defendant. During the few hours that the court kept the objectionable order in force the suspended attorney continued present in court freely assisting his law partner and associate counsel for the defense with consultations and suggestions, and again himself after a few hours took active part in the further trial and argument of the cause. A wrong perpetrated upon counsel during the trial of a cause, in order to avail one of the parties to such cause before an appellate court for reversal, must have injuriously affected such party or his case. We cannot discover, under the circumstances here presented, how the court's action could have injuriously affected the defendant or his case, and must, therefore, adjudge this assignment to be unavailable.

After both sides had closed the introduction of evidence, and after some of the arguments had been made to the jury the court permitted the State Attorney to introduce several witnesses strictly in rebuttal of one item of the defendant's proofs. This ruling is made the basis for the 22nd, 23rd, 24th, 25th, 26th and 27th assignments of error. There was no error here. It is settled here that the order and method for the submission of testimony to a jury is within the sound discretion of the presiding judge, and that a new trial will not be granted because the judge permitted further testimony to be introduced after the evidence had been closed on both sides and argument of counsel had commenced, unless it be shown that the prisoner was prejudiced thereby in some other way than

by its mere irregularity. Jordan v. State, 22 Fla. 528; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734; Brown v. State, 40 Fla. 459, 25 South. Rep. 63; Davis v. State, 44 Fla. 32, 32 South. Rep. 822; Anthony v. State, 44 Fla, 1, 32 South. Rep. 818. We do not see that there was any abuse of this discretion in the present instance that could have injuriously affected the defendant.

The only remaining question, all other assignments of error having been abandoned by non-presentation here, is that the verdict of conviction is not supported by the evidence. We think that the evidence for the State amply sustains the verdict found, and finding no reversible error the judgment of the court below in said cause is hereby affirmed at the cost of the plaintiff in error.

HOCKER and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.